CLEVELAND (City), Plaintiff-Appellee, v. FLEGMAN, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25207.   Decided November 18, 1960.

548

*Mr. Ralph S. Locher,* director of law, *Mr. Richard F. Matia,* chief police prosecutor, and *Mr. Edward V. Cain,* assistant police prosecutor, for plaintiff-appellee.

*Mr. Jerome B. Goldman* and *Mr. Edwin F. Woodle,* for defendant-appellant.

For further history see *Omnibus Index* in bound volume.

Skeel, J.  This appeal comes to this court on questions of law from a decision and judgment and sentence of the defendant charged with violating Section 13.1339 of the Codified Ordinances of the City of Cleveland.  The Ordinance provides:

"Possession of Evidence of Wager.  It shall be unlawful for any person to have in his possession, or in his custody, or under his control, any ticket, check, writing, slip, paper or document, which represents or is a memorandum of, or is evidence of, or is intended to be used in the progress of making, settling, paying, registering, evidencing or recording the result of a trial or contest of skill, speed or power of endurance of man or beast."

The substance of the affidavit filed as the pleading upon which this prosecution was based provides:

"* * * that on or about the 4th day of February, A. D., 1960 in the said city and county, one Raymond Flegman did unlawfully keep in his possession, or in his custody, or under his control, certain slips which represent or is a memorandum of, or is evidence of, or which is designed or intended to be used as a memorandum or evidence of, or which is designed or intended to be used in the process of making, settling, paying, registering,

evidencing or recording an interest in a trial or contest of skill, speed or power of endurance of beast, to wit: horse racing.''

The defendant claims the following errors:

''1. Cleveland City Ordinance Sec. 13.1339, under which the defendant in this case has been charged, is unconstitutional and invalid.

''2. The affidavit filed in this case fails to allege any violation of law or offense within the provisions of Sec. 13.1339 of the ordinances of the City of Cleveland.

''3. The trial court erred in overruling objections of the defendant to testimony offered on behalf of the plaintiff.

''4. The trial court erred in overruling objections of the defendant to the introduction of exhibits offered on behalf of the plaintiff.

''5. The trial court erred in overruling the motion of the defendant, made at the conclusion of the evidence offered by the plaintiff, that the defendant be discharged.

''6. The court erred in finding the defendant guilty of the offense charged for the reasons, first, that there was no evidence in the record as a matter of law sufficient to find the defendant guilty as charged; and, second, in any event, the evidence failed to conform to the degree of proof required: that the defendant be found guilty beyond a reasonable doubt.''

We find no substance to the claims of error Nos. 3, 4 and 6, and such claims are, therefore, overruled. The remaining errors present the question of whether or not the Ordinance defines or prohibits conduct which comes within the power of the city to punish as a criminal offense and also whether the affidavit, in fact, charges a criminal offense. The conduct intended to be prohibited by the Ordinance must be that generally associated with gambling. This is evident from the title. The title of an ordinance may be referred to as an aid in interpreting the meaning intended by the enactment but the title cannot add to the language used in drafting the ordinance itself. Except for the term ''wager'' in the title, there is no conduct defined or suggested in the Ordinance that could possibly be a form of or associated with gambling, or wagering, to use the gambling term, in the title. Gambling is defined in Webster's International Dictionary, Second Edition, as: ''To stake money or other thing of value upon an uncertain event: * * *''—in other

550

words, to stake or risk money to be won or lost on the outcome of a game, horse race or other like uncertain event. Where is there the slightest suggestion by the terms of this Ordinance that a gambling transaction is therein defined or that being involved either as recording or settling or paying, registering or evidencing a transaction therein defined is to be involved in a gambling transaction? The Ordinance fails to spell out unlawful conduct which can be the subject of a criminal prosecution. This being so, the affidavit is equally faulty.

While error No. 1 does not correctly state the shortcomings of the basis of this prosecution because no constitutional question is directly involved unless it could be said that due process was not afforded the defendant, yet errors 2 and 5 are well taken because it is perfectly apparent on the face of the record that neither the Ordinance upon which the prosecution is based nor the affidavit filed to invoke the jurisdiction of the court over the subject matter of the case defines conduct which the city has power to punish as criminal.

The judgment is, therefore, reversed and final judgment entered for the defendant.

HURD, P. J., and KOVACHY, J., concur.