LAS VEGAS POLICE PROTECTIVE ASSOCIATION, a Nevada Corporation, Appellant, *v.* THE CITY OF LAS VEGAS, COUNTY OF CLARK, STATE OF NEVADA, and Its Board of City Commissioners Consisting of ALEXANDER COBLENTZ, M.D., JAMES J. COREY, WESLEY G. HOWERY, HANK THORNLEY and MAYOR ORAN K. GRAGSON, Respondents.

No. 6872

September 12, 1973          513 P.2d 1231

[Rehearing denied October 25, 1973]

*Edward Weinstein,* of Las Vegas, for Appellant.

*Earl P. Gripentrog,* City Attorney, and *R. Ian Ross,* Assistant City Attorney, Las Vegas, for Respondents.

# OPINION

*Per Curiam:*

On November 5, 1968, a majority of the voters of the City of Las Vegas, Nevada, through initiative process enacted an ordinance[1] increasing the monthly wage of firefighters, retroactive to July 1, 1968, by not less than $144.00. The ordinance further provided, in any event firefighters were not to be paid less than police patrolmen. In City of Las Vegas v. Ackerman, 85 Nev. 493, 457 P.2d 525 (1969), this court not only found the ordinance to be constitutionally sound, but that the electorate of Las Vegas had the power to enact the ordinance in its present form.

On August 8, 1969, the Board of City Commissioners of Las Vegas denied a retroactive pay raise to police patrolmen, and on May 4, 1970, the appellant, as the negotiating representative for the police officers of the City of Las Vegas, filed its suit seeking such retroactive pay. Both parties moved for summary judgment (NRCP 56) and on February 3, 1972,

[1]"INITIATIVE PETITION—AN ORDINANCE PROVIDING FOR A WAGE INCREASE FOR FIREFIGHTERS OF THE CITY OF LAS VEGAS AND EQUALITY OF COMPENSATION OF FIRE-FIGHTERS AND PATROLMEN.

"The People of the City of Las Vegas, County of Clark, State of Nevada, do ordain that retroactive to the 1st day of July, 1968, the monthly wage of firefighters shall be increased by not less than $144.00.

"And further Ordain that in all cases firefighters shall be compensated at a monthly rate not less than that provided in the case of police patrolmen."

summary judgment was granted in favor of the respondents and denied to the appellant.

The appellant contends as a matter of law that police patrolmen in the City of Las Vegas are entitled to a retroactive increase in pay equal to that paid to firefighters and that the district court erred in denying that relief. The appellant has misinterpreted the clear meaning of the initiative ordinance. The body of the ordinance is not ambiguous. From July 1, 1968 all firefighters were to receive a minimum pay raise of $144.00 per month, but in any event they were to receive a monthly wage equal to that of a police patrolman.

The title of an ordinance does not control its meaning unless it must be read to clear up an ambiguity in the body. In any event, the title is not to be interpreted in a way that would enlarge the scope of the ordinance to include a subject not expressed in its body. Commonwealth v. Flax, 156 N.E. 19 (Mass. 1927); City of Pikeville v. Stratton, 78 S.W.2d 12 (Ky. 1935); State v. City of Lincoln, 162 N.W. 138 (Neb. 1917). Cf. City of Cleveland v. Flegman, 170 N.E.2d 274 (Ohio App. 1960); Continental Oil Co. v. City of Santa Fe, 177 P. 742 (N.M. 1918); 6 McQuillin Mun. Corp. (3rd Ed.) § 20.59 at page 157. The intent of the electorate of the City of Las Vegas gathered from the entire ordinance including the title was to raise the pay of their firefighters. It cannot be read to mandate or sanction a pay raise for the police patrolmen. See Carson City v. Red Arrow Garage, 47 Nev. 473, 225 P. 487 (1924).

The order and judgment of the district court is affirmed.