No. 73–1508. MILLER v. CALIFORNIA. Appeal from App. Dept., Super. Ct. Cal., County of Orange, dismissed for want of substantial federal question. MR. JUSTICE DOUGLAS, being of the view that any state ban on obscenity is prohibited by the First Amendment, made applicable to the States by the Fourteenth (see *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70 (1973) (DOUGLAS, J., dissenting)), would note jurisdiction and reverse the judgment.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Appellant was convicted in the Orange County, California, Superior Court of distributing obscene matter in violation of California Penal Code § 311.2 (1970), which provides in pertinent part as follows:

> "Every person who knowingly sends or . . . possesses . . . with intent to distribute or to exhibit to others, . . . any obscene matter is guilty of a misdemeanor."

"Obscene matter" is defined in § 311 (a), which provides in pertinent part as follows:

> " 'Obscene matter' means matter, taken as a whole, the predominant appeal of which to the average person, applying contemporary standards, is to prurient interest, i. e., a shameful or morbid interest in nudity, sex, or excretion; and is matter which taken as a whole goes substantially beyond customary limits of candor in description or representation of such matters; and is matter which taken as a whole is utterly without redeeming social importance."

The Appellate Department of the Superior Court affirmed, and this Court vacated the judgment of that court and remanded the case for reconsideration in light of this Court's opinion. 413 U. S. 15 (1973). The Appellate Department again affirmed.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). Since it is clear that, when tested by that constitutional standard, the term "obscene matter" in § 311.2, as defined in § 311 (a) is unconstitutionally overbroad and therefore facially invalid, I disagree with the holding that the appeal does not present a substantial federal question, and therefore dissent from the Court's dismissal of the appeal.

For the reasons stated in my dissent in this case, 413 U. S., at 47, and because the second judgment of the Appellate Department of the California Superior Court was, of course, rendered thereafter, I would reverse. In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Finally, it does not appear from the jurisdictional statement and response that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States, ante,* p. 141, I believe that, consistent with the Due Process Clause, appellant must be given an opportunity to have his case decided on, and to introduce evidence relevant to, the legal standard upon which his conviction

has ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for a determination whether appellant should be afforded a new trial under local community standards.