S. H. TOMLINSON and Duane L. Green, d/b/a Sultan's Harem Massage Salon, et al., Plaintiffs-Appellants,

v.

The MAYOR AND ALDERMEN OF the CITY OF SAVANNAH, etc., Defendant-Appellee.

No. 75–2691.

United States Court of Appeals, Fifth Circuit.

Dec. 6, 1976.

Rehearing Denied Jan. 24, 1977.

Robert E. Falligant, Jr., Richard C. Metz, Savannah, Ga., for plaintiffs-appellants.

James B. Blackburn, William W. Shearouse, Jr., Savannah, Ga., for defendant-appellee.

Before TUTTLE, GOLDBERG and RONEY, Circuit Judges.

TUTTLE, Circuit Judge:

Massage parlors have provoked attacks by public prosecutors for many years. As early as *Dunlop v. United States*, 165 U.S. 486, 17 S.Ct. 375, 41 L.Ed. 799 (1897), the Supreme Court reviewed a prosecution for illegal use of the mails by a newspaper containing "advertisements by women, soliciting or offering inducements for the visits of men, usually 'refined gentlemen,' to their rooms, sometimes under the disguise of 'Baths' and 'Massage,' and oftener for the mere purpose of acquaintance," 165 U.S. at 501, 17 S.Ct. at 880. Despite the publisher's contention that "all of the [established] newspapers had carried such advertisements in times past, until they became wealthy, and then complained about others that did the same," 165 U.S. at 497, 17 S.Ct. at 379, the Supreme Court sustained the conviction.

Appellants seek declaratory and injunctive relief to prevent enforcement of a Savannah ordinance that prohibits heterosexual massages, imposes strict training and certification requirements on massagists, and puts rather onerous place and manner restrictions on the giving of massages. Appellants, who are the owners of several massage parlors, challenge the ordinance as an abuse of the police power, as an arbitrary restriction of a supposedly due process-protected right to operate a legitimate business, and as a violation of equal protection in that it (1) "irrationally" distinguishes between heterosexual massages and rubdowns where the customer and massagist are of the same sex, and (2) unnecessarily burdens their constitutionally "fundamental" right to engage in a legitimate business. In addition, the owners argue that they have standing to assert their employees' and customers' alleged rights of privacy impaired by the ordinance, and their employees' potential equal protection claim that the ordinance establishes a gender-dependent classification that cannot withstand the intensive, albeit not "strict," scrutiny to which sex-specific statutes are subjected.

In *Smith v. Keater*, 419 U.S. 1043, 95 S.Ct. 613, 42 L.Ed.2d 636 (1974), *dismissing for want of a substantial federal question*, 285 N.C. 530, 206 S.E.2d 203; *Rubenstein v. Cherry Hill*, 417 U.S. 963, 94 S.Ct. 3165, 41 L.Ed.2d 1136 (1974), *dismissing for want of a substantial federal question*, No. 10,027 (N.J. Sup. Ct. Jan. 29, 1974); and *Kisley v. City of Falls Church*, 409 U.S. 907, 93 S.Ct. 237, 34 L.Ed.2d 169 (1972), *dismissing for want of a substantial federal question*, 212 Va. 693, 187 S.E.2d 168 (1972), the Supreme Court dismissed appeals from state court decisions upholding the constitutionality of ordinances prohibiting heterosexual massages. Appellants in those three cases contended in the Supreme Court that the ordinances established invidiously discriminatory sex-based classifications in violation of the equal protection clause, worked an unreasonable abridgement of the right to pursue a legitimate livelihood; and created an unconstitutional irrebuttable presumption that all massages lead to illicit sexual behavior. The Supreme Court ruled that these challenges did not raise a substantial constitutional question.

The Supreme Court discussed the precedential effect of a dismissal for want of a substantial federal question in *Hicks v. Miranda*, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975). After the Court had announced its latest version of the obscenity standards in *Miller v. California*, 413 U.S. 15 (1973), 93 S.Ct. 2607, 37 L.Ed.2d 419 (*Miller I*), California courts held that the state's obscenity statute was constitutional. When this determination of the state tribunals was subsequently appealed, the Court dismissed the appeal for want of a substantial federal question in *Miller v. California*, 418 U.S. 915, 94 S.Ct. 3206, 41 L.Ed.2d 1158 (1974) (*Miller II*). In *Hicks*, the question

was whether *Miller II* foreclosed reconsideration of the constitutionality of the California statute by a lower federal court. In its opinion the Court said:

> "A federal constitutional issue was properly presented [in *Miller II*], it was within our appellate jurisdiction . . . and we had no discretion to refuse adjudication of the case on its merits . . . .. We were not obligated to grant the case plenary consideration, and we did not; but we were required to deal with its merits. We did so by concluding that the appeal should be dismissed because the constitutional challenge to the California statute was not a substantial one. The three-judge court was not free to disregard this pronouncement. . . [T]he constitutional issues which were presented in *Miller II* and which were declared to be insubstantial by this Court . . . could not be considered substantial and decided otherwise by the District Court . : . ."

422 U.S. at 344–45, 95 S.Ct. at 2289; accord, *Ohio ex rel. Eaton v. Price*, 360 U.S. 246, 247, 79 S.Ct. 978, 979, 3 L.Ed.2d 1200 (1959) ("[v]otes to affirm summarily, and to dismiss for want of a substantial federal question, it hardly needs comment, are votes on the merits of a case . . ."); C. Wright, Law of Federal Courts, 495 n. 25 (2d ed. 1970).

The Court of Appeals for the Third Circuit in *Colorado Springs Amusements, Ltd. v. Rizzo*, 524 F.2d 571, 575–77 (3d Cir. 1975), and the Court of Appeals for the Fourth Circuit in *Hogge v. Johnson*, 526 F.2d 833, 835 (4th Cir. 1975), have held that *Hicks* and the dismissals of the *Smith, Rubenstein*, and *Kisley* appeals foreclose reconsideration of constitutional challenges identical to those made here against the Savannah ordinance. At oral argument, counsel for appellants conceded that the *Smith, Rubenstein,* and *Kisley* dismissals, viewed in light of the *Hicks* rule, eviscerate the constitutional claims of the massage parlors and their employees and customers as presented by this appeal. Without reaching the issue of appellants' standing to urge the claims of the third parties, we hold that the judgment of the district court denying relief is AFFIRMED.