ED OUEILHE, DBA "WRESTLING STUDIOS," APPELLANT, v. CARL E. LOVELL, INDIVIDUALLY AND IN HIS CAPACITY AS ATTORNEY FOR THE CITY OF LAS VEGAS, WILLIAM BRIARE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS THE MAYOR OF THE CITY OF LAS VEGAS AND A MEMBER OF THE BOARD OF CITY COMMISSIONERS TOGETHER WITH MYRON LEAVITT, ROY WOOFTER, RON LURIE AND PAUL J. CHRISTENSEN, INDIVIDUALLY AND IN THEIR CAPACITIES AS MEMBERS OF THE BOARD OF CITY COMMISSIONERS; AND ILA BRITT, NAMED INDIVIDUALLY AND IN HER CAPACITY AS DIRECTOR OF THE DIVISION OF LICENSE AND REVENUE OF THE DEPARTMENT OF FINANCE OF THE CITY OF LAS VEGAS, AND CITY OF LAS VEGAS, A MUNICIPAL CORPORATION, RESPONDENTS.

No. 8727

March 9, 1977                         560 P.2d 1348

*Alan B. Andrews,* of Las Vegas, for Appellant.

*Carl E. Lovell, Jr.,* City Attorney of Las Vegas, *Janson F.*

*Stewart,* Deputy City Attorney, and *Richard A. Koch,* Deputy City Attorney, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

This appeal from an order of the district court denying the application for injunction of Ed Oueilhe, d.b.a. "Wrestling Studios" places in issue the constitutionality of Las Vegas, Nev., City Code Title V, ch. 41, § 3 (1975). That section provides that "It shall be unlawful for any person, firm or corporation to conduct, manage, operate, maintain, or advertise a business wherein for payment, direct or indirect, wrestling partners of the opposite sex may be obtained." The term

"wrestling" is defined by the ordinance to mean "to grapple or engage by physical contact whereby one person seeks to overpower another or throw him or her to the floor or ground." Violation of the ordinance carries a fine of not more than $500, imprisonment in the city jail for not more than six months, or a combination thereof.

By reason of criminal sanctions for disobedience the ordinance must be strictly construed, In re Laiolo, 83 Nev. 186, 426 P.2d 726 (1967), and limited in its application to the objective sought to be accomplished.

Oueilhe is the proprietor of a business which offers the public wrestling partners of the opposite sex and advertises such service in a sexually aggressive manner. One advertisement thereof states: "Co-ed Wrestling. Beautiful sensuous yielding young girls waiting for your male body." He sought to enjoin enforcement of the ordinance and a declaration of its unconstitutionality. The district court denied him relief. This appeal followed.

It is contended that the ordinance is unconstitutionally vague and overbroad in that it may be read to prohibit legitimate wrestling, Judo and Karate schools which are lawful enterprises and, therefore, protected activity. It also is claimed that the Equal Protection Clause is offended by the gender-based classification of the ordinance. Finally, it is asserted that the ordinance is an impermissible Bill of Attainder. We reject each contention and affirm the ruling of the district court.

1.   The purpose of the ordinance is stated in these words: "It is further determined as a matter of legislative determination that the operation of a business of providing wrestling partners of the opposite sex is detrimental to the health and safety of the public and community, that such a business is offensive to the public morals and decency, that such a business is detrimental to the continued economic development of the community and tends to degrade the City as a provider of good entertainment, and is harmful to the cause of attracting tourists and visitors to the City; that there are substantial physiological differences between males and females which make it physically dangerous for them to engage in contact sports against each other, especially one that is so physically demanding as wrestling."

In our view, that expression of purpose does not reflect an intention to prohibit legitimate wrestling, whether between

members of the opposite sex or otherwise, nor to prohibit Judo
and Karate schools where members of the opposite sex may
or may not be engaged in the learning of those disciplines.
Rather, the prohibition of the ordinance concerns businesses
which utilize wrestling as a subterfuge for sexual pleasure for
pay between female and male. It was within the province of
the City to determine that a rational relationship exists between
the preclusion of such an enterprise and the object sought to
be accomplished, namely the protection of the public welfare,
safety and morals.

2. The Equal Protection Clause is not offended. Although
it is true that gender-based classifications are subject to close
scrutiny under the Equal Protection Clause, Reed v. Reed,
404 U.S. 71 (1971), we perceive no discrimination here.
Women and men are treated equally. Neither can wrestle for
sexual pleasure with a member of the opposite sex for pay.
Thus, the ordinance is neutral on its face and does not carry
with it a gender-based discriminatory effect. Cf. Colorado
Springs Amusements, Ltd. v. Rizzo, 524 F.2d 571 (3d Cir.
1975), holding that an ordinance prohibiting intersex massage
was not a denial of equal protection.

3. No Bill of Attainder shall be passed. U.S. Const. art. 1,
§ 9; Nev. Const. art. 1, § 15. A Bill of Attainder is a legis-
lative act which applies to named individuals or to easily
ascertainable members of a group in such a way as to inflict
punishment on them without a judicial trial. Cummings v.
Missouri, 71 U.S. (4 Wall) 277 (1866); Ex Parte Garland,
71 U.S. (4 Wall) 333 (1866); United States v. Lovett, 328
U.S. 303 (1946).

The title of the ordinance declares, among other things, that
its purpose is to make unlawful the business of providing
wrestling partners of the opposite sex. Since the appellant was
operating such a business when the ordinance was enacted he
contends that the ordinance must be annulled as a Bill of
Attainder since it inflicts punishment upon him without a
judicial trial. His contention is not sound. The title of the
ordinance does not control its meaning. L. V. Police Pro-
tective Ass'n v. City of Las Vegas, 89 Nev. 394, 513 P.2d
1231 (1973). Moreover, the body of the ordinance does not
single out the appellant nor purport to punish him without
a trial. It prohibits "any person, firm or corporation" from

conducting such a business and leaves to the court the determination of whether the person charged is in violation thereof. Constitutional requirements thus are satisfied. Accident Index Bureau, Inc. v. Male, 229 A.2d 812 (N.J. Super.Ct. 1967), aff'd. 237 A.2d 880 (N.J. 1968). The mere fact that the ordinance forbids acts theretofore lawful affords no basis for holding the ordinance void or unreasonable, Ex Parte Nash, 55 Nev. 92, 26 P.2d 353 (1933). We conclude, therefore, that the ordinance is not a Bill of Attainder in violation of the United States and Nevada Constitutions.

4. We reject the appellant's contention that the words of the ordinance are imprecise and vague. The intended meaning will be understood by the average reader. Roth v. United States, 354 U.S. 476 (1957).

Affirmed.

BATJER, C. J., and ZENOFF, MOWBRAY, and GUNDERSON, JJ., concur.