**1168**

Marvin MILLER, Plaintiff-Appellant,

v.

PEOPLE OF the STATE OF CALIFOR-
NIA, James Musick, Sheriff of the Coun-
ty of Orange, Cecil Hicks, District Attor-
ney for the County of Orange, the Mu-
nicipal Court of the County of Orange,
Harbor Judicial District, Defendants-Ap-
pellees.

No. 75–1384.

United States Court of Appeals,
Ninth Circuit.

April 11, 1977.

Rehearing and Rehearing En Banc
Denied June 6, 1977.

Burton Marks, Los Angeles, Cal., argued,
for plaintiff-appellant.

Evelle J. Younger, Atty. Gen., Frederick
R. Millar, Deputy Atty. Gen., Los Angeles,
Cal., Cecil Hicks, Jr., Dist. Atty., Oretta D.
Sears and Cliff Harris, argued, Deputy
Dist. Attys., Santa Ana, Cal., for defend-
ants-appellees.

Before CHAMBERS and ELY, Circuit
Judges, and SOLOMON,* District Judge.

PER CURIAM:

For the background of this obscenity
case, one should examine *Miller v. Califor-
nia*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d
419 (1973) and *Miller v. California*, 418 U.S.
915, 94 S.Ct. 3206, 41 L.Ed.2d 1158 (1974)
(*Miller II*).

After *Miller II* was decided, Miller came
to the United States District Court for the
Central District of California with a peti-
tion for habeas corpus on his state incarcer-
ation, the penalty on his original Orange
County, California, conviction. He still has
a few days to serve on his jail sentence
which awaits the outcome of this appeal
before time serving begins again.

In his petition for habeas corpus in a
conclusory way (*inter alia*), he asserts the
state conviction was infirm because of dou-
ble jeopardy, collateral estoppel and *res ju-
dicata*, all arising out of other trials in Los
Angeles County (next door to Orange) pre-
ceding in time the Orange County convic-
tion. The contentions are attractive.

In argument, Miller's counsel advises that
the issues were repeatedly asserted at every
stage of the passage of the case through the
California state courts. Counsel for the
People of the State of California disagrees
with the statement and denies the three
points were really presented along the state
route.

So we come to this: If Miller's counsel is
correct in his recollection, all of his present
contentions were concluded by *Miller II*,
*supra*. If counsel for the People is correct
in his recollection, then the habeas corpus
has no business being here on issues not
presented to the state courts.

As to issues raised by the habeas corpus
petition and not mentioned above, the dis-
trict court was clearly correct.

---

* Honorable Gus G. Solomon, Senior District Judge for the District of Oregon, sitting by
designation.

The trial court's order of dismissal is AFFIRMED.