551 F.2d 1168
 Marvin MILLER, Plaintiff-Appellant,
v.
PEOPLE OF the STATE OF CALIFORNIA, James Musick, Sheriff of
the County of Orange, Cecil Hicks, District Attorney for the
County of Orange, the Municipal Court of the County of
Orange, Harbor Judicial District, Defendants-Appellees.
 No. 75-1384.
 United States Court of Appeals,
Ninth Circuit.
 April 11, 1977.
 
 Burton Marks, Los Angeles, Cal., argued, for plaintiff-appellant.
 Evelle J. Younger, Atty. Gen., Frederick R. Millar, Deputy Atty. Gen., Los Angeles, Cal., Cecil Hicks, Jr., Dist. Atty., Oretta D. Sears and Cliff Harris, argued, Deputy Dist. Attys., Santa Ana, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before CHAMBERS and ELY, Circuit Judges, and SOLOMON,* District Judge.
 PER CURIAM:
 
 
 1
 For the background of this obscenity case, one should examine Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973) and Miller v. California, 418 U.S. 915, 94 S.Ct. 3206, 41 L.Ed.2d 1158 (1974) (Miller II ).
 
 
 2
 After Miller II was decided, Miller came to the United States District Court for the Central District of California with a petition for habeas corpus on his state incarceration, the penalty on his original Orange County, California, conviction. He still has a few days to serve on his jail sentence which awaits the outcome of this appeal before time serving begins again.
 
 
 3
 In his petition for habeas corpus in a conclusory way (inter alia ), he asserts the state conviction was infirm because of double jeopardy, collateral estoppel and res judicata, all arising out of other trials in Los Angeles County (next door to Orange) preceding in time the Orange County conviction. The contentions are attractive.
 
 
 4
 In argument, Miller's counsel advises that the issues were repeatedly asserted at every stage of the passage of the case through the California state courts. Counsel for the People of the State of California disagrees with the statement and denies the three points were really presented along the state route.
 
 
 5
 So we come to this: If Miller's counsel is correct in his recollection, all of his present contentions were concluded by Miller II, supra. If counsel for the People is correct in his recollection, then the habeas corpus has no business being here on issues not presented to the state courts.
 
 
 6
 As to issues raised by the habeas corpus petition and not mentioned above, the district court was clearly correct.
 
 
 7
 The trial court's order of dismissal is AFFIRMED.
 
 
 
 *
 Honorable Gus G. Solomon, Senior District Judge for the District of Oregon, sitting by designation