J.B.K., INC., etc., et al., Appellants,

v.

Norman CARON, et al., Appellees.

No. 79–1079.

United States Court of Appeals,
Eighth Circuit.

Submitted April 24, 1979.

Decided June 14, 1979.

Rehearing and Rehearing En Banc
Denied July 23, 1979.

James R. Wyrsch, Kansas City, Mo., for appellants.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, Mo., for appellees Ashcroft and Lubker; John Ashcroft, Atty. Gen., Jefferson City, Mo., on the brief.

Russell D. Jacobson and Stephen F. Volek, Associate Jackson County Counselors, and Robert Frager, Asst. Jackson County Prosecutor, on brief for appellees Martin and Rennau.

Allen R. Purvis, Kansas City, Mo., filed brief for appellee John Campbell.

Before LAY, BRIGHT and ROSS, Circuit Judges.

ROSS, Circuit Judge.

Appellants, massage parlor operators in Missouri, sought a preliminary injunction to prevent state and local law enforcement personnel from enforcing Chapter 567, Revised Statutes of Missouri, Mo.Rev.Stat. §§ 567.010–567.100, which became effective January 1, 1979. Chapter 567 prohibits prostitution, which Mo.Rev.Stat. § 567.-010(2) defines as follows:

> "Prostitution", a person commits "prostitution" if he engages or offers or agrees to engage in sexual conduct with another person in return for something of value to be received by the person or by a third person.

Terms such as "sexual conduct" and "something of value" are subsequently defined.

Appellants' business activities include genital massage for payment which would come within the statutory definition of prostitution. See Mo.Rev.Stat. §§ 567.-010(2) and (4)(c). They contend that the prohibition of this activity violates their rights to freedom of speech, freedom of association, privacy, due process, equal protection, freedom of contract and employ-

ment. They also allege a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*

■ The district court[1] denied the requested preliminary injunction primarily because he considered that appellants had not established a probability of success on the merits of any of these claims. We hold that the denial of the preliminary injunction was not an abuse of discretion, and we affirm on the basis of the district court's comprehensive opinion. In addition, we make the following observations.

■ Appellants' right to privacy claim rests on their mistaken premise that the constitutionally protected right to privacy encompasses *all* sexual acts performed by consenting adults in nonpublic places. We do not agree that the right to privacy extends to all sexual practices performed in private including the commercialized sexual activities regulated in this case. *See Paris Adult Theatre I v. Slaton,* 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973).

As stated in that case:

Our prior decisions recognizing a right to privacy guaranteed by the Fourteenth Amendment included "only personal rights that can be deemed 'fundamental' or 'implicit in the concept of ordered liberty.' * * * This privacy right encompasses and protects the personal intimacies of the home, the family, marriage, motherhood, procreation, and child rearing."

* * * * * *

Finally, petitioners argue that conduct which directly involves "consenting adults" only has, for that sole reason, a special claim to constitutional protection. Our Constitution establishes a broad range of conditions on the exercise of power by the States, but for us to say that our Constitution incorporates the proposition that conduct involving consenting adults only is always beyond state regulation, is a step we are unable to take.

* * * * * *

The state statute books are replete with constitutionally unchallenged laws against *prostitution,* suicide, voluntary self-mutilation, brutalizing "bare fist" prize fights, and duels, although these crimes may only directly involve "consenting adults." Statutes making bigamy a crime surely cut into an individual's freedom to associate, but few today seriously claim such statutes violate the First Amendment or any other constitutional provision.

*Id.* at 65, 68 and 68 n. 15, 93 S.Ct. at 2639, 2641 and 2641 n. 15 (citations omitted, emphasis added).[2]

With regard to plaintiff's freedom of speech claim, *see Davis v. Norman,* 555 F.2d 189 (8th Cir. 1977). When, as in this case, a state or local law primarily regulates conduct, any incidental impact on speech is to be judged in the following light:

The Supreme Court has held that:

[W]hen "speech" and "nonspeech" elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms. . . . [A] government regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is not greater than is essential to the furtherance of that interest.

---

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

2. *See also Doe v. Commonwealth's Attorney,* 403 F.Supp. 1199 (E.D.Va.1975), *aff'd mem,* 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976) in which the Supreme Court summarily affirmed a three-judge court decision upholding the constitutionality of a Virginia sodomy statute against a right to privacy challenge. The statute prohibited sodomy even when practiced by consenting adults in private.

*Id.* at 190–91 quoting from *United States v. O'Brien,* 391 U.S. 367, 376–77, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). *See also Paris Adult Theatre I v. Slaton, supra,* 413 U.S. at 67, 93 S.Ct. at 2640–2641:

> Where communication of ideas, protected by the First Amendment, is not involved, or the particular privacy of the home protected by *Stanley,* [*v. Georgia,* 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542] or any of the other "areas or zones" of constitutionally protected privacy, the mere fact that, as a consequence, some human "utterances" or "thoughts" may be incidentally affected does not bar the State from acting to protect legitimate state interests.

■ We do not agree with appellants' contention that Chapter 567 is unconstitutionally vague. A statute is void for vagueness if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute" or if it "encourages arbitrary and erratic arrests and convictions." *Papachristou v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). We find that the statute is precisely worded, that its terms are sufficiently defined and that it gives "fair notice of the offending conduct." *Id.*

We note that the United States Supreme Court denied certiorari in *Caesar's Health Club v. St. Louis County,* 565 S.W.2d 783 (Mo.App.), *cert. denied,* 439 U.S. 955, 99 S.Ct. 353, 58 L.Ed.2d 346 (1978), in which the Missouri Court of Appeals upheld a county ordinance virtually identical to Chapter 567. The Missouri court found that no fundamental rights were infringed by the ordinance, that the law was a reasonable and legitimate exercise of police power and that it was not overbroad.

Challenges to other laws regulating or prohibiting massage parlor practices have met a similar fate. *See, e. g., Tomlinson v. Mayor and Aldermen of The City of Savannah,* 543 F.2d 570 (5th Cir. 1976);[3] *Brown v. Brannon,* 399 F.Supp. 133 (M.D.N.C.1975), *aff'd,* 535 F.2d 1249 (4th Cir. 1976).

We have considered appellants' remaining equal protection, right to employment and Title VII issues and find that they do not warrant preliminary injunctive relief.

The judgment of the district court is affirmed.

---

**3.** In *Tomlinson v. Mayor and Aldermen of The City of Savannah,* 543 F.2d 570 (5th Cir. 1976), the Fifth Circuit refused to enjoin enforcement of an ordinance "that prohibits heterosexual massages, imposes strict training and certification requirements on massagists, and puts rather onerous place and manner restrictions on the giving of massages" against challenges to the law as "an arbitrary restriction of a supposedly due process-protected right to operate a legitimate business, and as a violation of equal protection * * *." *Id.* at 571. The court stated:

> In *Smith v. Keater,* 419 U.S. 1043, 95 S.Ct. 613, 42 L.Ed.2d 636 (1974), *dismissing for want of a substantial federal question,* 285 N.C. 530, 206 S.E.2d 203; *Rubenstein v. Cherry Hill,* 417 U.S. 963, 94 S.Ct. 3165, 41 L.Ed.2d 1136 (1974), *dismissing for want of a substantial federal question,* No. 10,027 (N.J. Sup.Ct. Jan. 29, 1974); and *Kisley v. City of Falls Church,* 409 U.S. 907, 93 S.Ct. 237, 34 L.Ed.2d 169 (1972), *dismissing for want of a substantial federal question,* 212 Va. 693, 187 S.E.2d 168 (1972), the Supreme Court dismissed appeals from state court decisions upholding the constitutionality of ordinances prohibiting heterosexual massages. Appellants in those three cases contended in the Supreme Court that the ordinances established invidiously discriminatory sex-based classifications in violation of the equal protection clause, worked an unreasonable abridgement of the right to pursue a legitimate livelihood; and created an unconstitutional irrebuttable presumption that all massages lead to illicit sexual behavior. The Supreme Court ruled that these challenges did not raise a substantial constitutional question.

*Id. See also Pollard v. Cockrell,* 578 F.2d 1002 (5th Cir. 1978), upholding a San Antonio, Texas massage parlor ordinance as a valid exercise of police power against charges that due process, equal protection and employment interests were unconstitutionally invaded.