

# THE ATTORNEY GENERAL
# OF TEXAS

May 11, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable David H. Cain
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.   JM-900

Re:    Whether the use of
"abusive, indecent, pro-
fane or vulgar" language
in a public place consti-
tutes an immediate breach
of the peace (RQ-1378)

Dear Representative Cain:

Section 42.01 of the Penal Code provides in part that

> (a) A  person  commits an   offense   if   he
> intentionally or knowingly:

>> (1) uses abusive, indecent, profane, or
>> vulgar language in a public place, <u>and
>> the language by its very utterance tends
>> to incite an immediate breach of the
>> peace</u>[.]   (Emphasis added.)

Penal Code §42.01(a)(1).

You ask the following questions:

> (1) Does uttering abusive, indecent,  pro-
> fane, or vulgar  language in  a public  place
> constitute   an   immediate   'breach   of    the
> peace?'

> (2) How is 'breach  of the peace'   defined
> in relation to Article 42.01(a)(1)?

In order for this provision to withstand scrutiny under  the
broad guarantees for freedom  of expression and due  process
of law  in the  United States  Constitution, the  utterances
prohibited can <u>only</u> include "fighting words."  <u>Chaplinsky v.
New Hampshire</u>, 315 U.S.  568 (1942).  <u>See</u> <u>Gooding v.  Wilson</u>,

405 U.S. 518 (1972) and Acker v. Texas, 430 U.S. 962 (1977). See also Attorney General Opinion MW-1 (1979).[1]

Whether particular words are "fighting words" is a matter of fact. Chaplinsky, supra, at 573.

> The test is what men of common intelligence would understand would be words likely to cause an average addressee to fight. . . . Derisive and annoying words can be taken as coming within the purview of the statute . . . only when they have this characteristic of plainly tending to excite the addressee to a breach of the peace.

See Gooding v. Wilson, supra, at 522, quoting with approval the Supreme Court of New Hampshire, 18 A.2d 754, 758, 762 (1941). See generally, Cohen v. California, 403 U.S. 15, 20 (1971); Bachellar v. Maryland, 397 U.S. 564, 567 (1970); and Gooding, supra. The "line between speech unconditionally guaranteed and speech which may legitimately be regulated, suppressed, or punished is finely drawn," Speiser v. Randall, 357 U.S. 513, 525 (1958).

Speech punishable under the Penal Code provision does not include language merely harsh and insulting, see Gooding, supra at 525, and it should not include speech, actual or symbolic, that is only "inappropriate," "naughty," "disgusting," "repulsive," "tactless," "gross," or "appalling." Annot., 2 A.L.R.4th 1331. Conviction under a statute specifying a "breach of the peace" as an element of the offense must be based on jury instructions including an admonition that proof of "actual or threatened violence is essential." Woods v. State, 213 S.W.2d 685, 687 (Tex. Crim. App. 1948). In other words, anything short of the use of "fighting words" does not constitute a breach of the statute. See Jimmerson v. State, 561 S.W.2d 5 (Tex. Crim. App. 1978). Speech is protected against punishment unless "shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest." Terminello v. Chicago, 337 U.S. 1, 4 (1949).

---

1. This statute does not concern speech legally obscene under the standards provided by the United States Supreme Court in Miller v. California, 418 U.S. 915 (1973). See Spears v. State, 337 So.2d 977 (Fla. 1976).

Finally, because the application of the statute may turn largely on the factual setting of the speech at issue, the test is whether, in a particular instance, an average person would be inured to respond by fighting. An average person is not someone who is overly sensitive or overly inured to the speech in question. <u>Cohen</u>, <u>supra</u> and <u>Houston v. Hill</u>, 482 U.S. ____, 96 L.Ed.2d 398 (1987), quoting from a concurring opinion of Justice Powell in <u>Lewis v. New Orleans</u>, 415 U.S. 130, 135 (1974).

## S U M M A R Y

Article 42.01(a)(1) of the Penal Code applies only to speech which as a matter of fact constitutes "fighting words." As a matter of law, the statute does not reach speech that merely causes public inconvenience, annoyance, or unrest. "Fighting words" are words which would likely cause an average addressee to fight. An "average addressee" is not someone either overly sensitive or overly inured to the speech in question.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Don Bustion
Assistant Attorney General