PAUL S. TECHTOW, Petitioner, *v.* CITY COUNCIL OF NORTH LAS VEGAS; and THERON GOYNES, MARY KINCAID, PAUL MAY and WILLIAM ROBINSON, in their capacity as Councilmen for the City of North Las Vegas, Nevada; and JAMES SEASTRAND, in his capacity as Mayor of the City of North Las Vegas, Nevada, Respondents.

No. 16498

June 2, 1989                                                  775 P.2d 227

*Goodman, Terry, Stein & Quintana,* Las Vegas, for Petitioner.

*Roy A. Woofter,* City Attorney, and *Terrance P. Marren,* Deputy City Attorney, North Las Vegas, for Respondents.

## OPINION

By the Court, STEFFEN, J.:

This appeal primarily challenges a declaratory judgment constitutionally validating the entirety of a City of North Las Vegas ordinance regulating massage parlors. We hold that all but two of the provisions in the ordinance are constitutional. We thus affirm in part and reverse in part the district court's ruling.

Respondent City Council of North Las Vegas (Council) licensed appellant Paul Techtow to operate a massage parlor. The Council enacted Ordinance No. 811, Chapter 3.60, of the North Las Vegas Municipal Code (the ordinance), which regulated massage parlors. The district court determined that the ordinance is constitutional. This appeal followed.

Techtow initially attacks the ordinance as a bill of attainder. The ordinance, which applies to "any person" and "every person" desiring to conduct or conducting a massage parlor business, does not single out Techtow or purport to punish him without judicial process and is therefore not a bill of attainder. Oueilhe v. Lovell, 93 Nev. 111, 560 P.2d 1348 (1977).

Techtow next contends that the ordinance is constitutionally defective because of certain provisions that are assertedly overbroad and vague. In reviewing the definitional and licensing sections of the ordinance herein at issue, we have concluded that they are neither vague nor overbroad.

Generally, an overbreadth challenge to the validity of a statute or ordinance has application only if First Amendment rights are implicated. State v. Glusman, 98 Nev. 412, 422, 651 P.2d 639, 646 (1982), *appeal dismissed,* 459 U.S. 1192 (1983). Here, no such rights are involved. The operation of a massage parlor is a privilege conferred by governmental authority after appropriate

qualification and licensure. The ordinance under question impairs none of Techtow's First Amendment freedoms.

If First Amendment freedoms are unimpinged by the statute or ordinance, a challenge for vagueness may succeed only if the enactment is vague in all of its applications. *Id.* at 98 Nev. 420, 421, 651 P.2d 644, 645. Techtow has not persuaded us that the ordinance is vague either as to him or as applied to others.

Techtow also argues that the restriction on advertising is unreasonable. We disagree. It is decidedly within the police power of the City of North Las Vegas to assure that licensed massage parlors advertise only services that are within the purview of the law. Manifestly, the ordinance seeks to permit the operation of legitimate, non-sexual massage services and to exclude operations that overtly or covertly pander to sexual interests. In other words, the ordinance supports those who qualify to practice the healing art of massage, and outlaws those who would use a massage parlor as a front for illicit sexual activities. The ordinance permits advertising that accurately reflects the former and prohibits advertising that would attract customers seeking the latter. *See* MRM, Inc. v. City of Davenport, 290 N.W.2d 338 (Iowa 1980).

Additionally, we conclude that the district court was correct in finding that section 3.60.110, the limitation of hours of operation, was not in violation of Techtow's right to equal protection. Owens v. City of Signal Hill, 201 Cal.Rptr. 70, 74 (Cal.Ct.App. 1984); Hilbers v. Municipality of Anchorage, 611 P.2d 31, 40-42 (Alaska 1980); Harper v. Lindsay, 616 F.2d 849, 855 (5th Cir. 1984); *cf.* Pentco, Inc. v. Moodys, 474 F.Supp. 1001, 1008 (S.D. Ohio 1978). There are valid reasons for restricting the hours of operation to coincide with optimum periods of policing availability. It is unreasonable to compel the public to divert limited law enforcement resources to massage parlor operations when they are critically needed for more serious concerns elsewhere.

Techtow contends that the provision in the ordinance requiring a window in a door of any room in which a massage or bath is or may be provided (section 3.60.080(11)) violates the right to privacy. We are constrained to agree. The ordinance prohibits interior doors capable of being locked, a prohibition which serves to protect the government's interest in discouraging prostitution or other illicit conduct by permitting ease of inspection. *See* Myrick v. Board Board of Pierce County Comm'rs, 677 P.2d 140 (Wash. 1984); Harper v. Lindsay, *supra,* 616 F.2d at 855. A well-intentioned customer of a legitimate massage parlor is likely

to expect and demand a reasonable amount of privacy during a massage. The window requirement subjects a customer to exposure to all who pass by, yet fails to materially serve any rational state interest beyond that served by the prohibition against locks on doors to any rooms in which a massage or bath may be provided.

In invalidating a similar window requirement, the court in Myrick v. Board of Pierce County Comm'rs, *supra,* 677 P.2d at 140, noted:

> [s]uch a condition would . . . have a devastating impact upon society's legitimate and ever-increasing quest for physical fitness and upon the operation of legitimate massage businesses. Few persons, if any, would be willing to have an audience during a full body massage, however innocent and legitimate. Were we to find this requirement reasonable, there would exist no barrier to the imposition of similar requirements in wholly innocent family exercise studios, fitness centers, motel rooms or other traditionally private places.
>
> We . . . note that privacy "exists—like secrecy, security, or tranquility—by virtue of habits of life appropriate to its existence [citations omitted]. Persons habitually have sought massages in private settings. Any regulation which is so broad in scope as to require public view of a massage would have a chilling effect upon individual privacy. This would not only infringe upon the rights of legitimate massagists to pursue a chosen occupation, [citation omitted] but would also pose an impermissible threat to those persons seeking such services [citations omitted].

Techtow next contends that the provisions of the ordinance prohibiting a person of one sex from massaging a person of the opposite sex (sections 3.60.230(b) and 3.60.294(2)) constitute a denial of equal protection. We do not agree. Although it may now be questioned whether society's interest in protecting the general welfare against illicit sexual activities and diseases is better served by facilitating same-sex massages at the exclusion of massages by members of the opposite sex, it is not within our prerogatives to invalidate an ordinance, or part thereof, simply because we might question the wisdom or necessity of the provision under scrutiny. As observed by the Utah Supreme Court in Redwood Gym v. Salt Lake City Comm'n, 624 P.2d 1138, 1146 (1981), "it has been established to a certainty . . . that an ordinance such as the one in question here [opposite-sex massages] does no violence to federal guarantees of equal protection." *See, e.g.,* Ex Parte Maki, 133 P.2d 64 (Cal.Ct.App.

1943); Smith v. Keaton, 203 S.E.2d 411 (N.C.Ct.App.), *aff'd,* 206 S.E.2d 203, *appeal dismissed,* 419 U.S. 1043 (1974); Rubenstein v. Township of Cherry Hill, No. 10,027, slip op. (N.J., Jan. 29, 1974), *appeal dismissed,* 417 U.S. 963 (1974); Patterson v. City of Dallas, 355 S.W.2d 838 (Tex.Civ.App. 1962), *appeal dismissed,* 372 U.S. 251 (1963); Kisley v. City of Falls Church, 187 S.E.2d 168 (Va.), *appeal dismissed,* 409 U.S. 907 (1972); Tomlinson v. Mayor, 543 F.2d 570 (5th Cir. 1976); Hogge v. Johnson, 526 F.2d 833 (4th Cir. 1975), *cert. denied,* 428 U.S. 913 (1976).

The *Tomlinson* and *Hogge* cases merely relied on *stare decisis* in upholding the constitutional validity of ordinances banning massages by members of the opposite sex, citing the precedential effect of dismissals of appeals by the United States Supreme Court. Dismissal is, in fact, an adjudication of the merits. Hicks v. Miranda, 422 U.S. 332 (1975).

Our holding with respect to the prohibition against performing massage on members of the opposite sex also disposes of the challenge to the requirement that apprentice massage technicians obtain letters of sponsorship from certified massage technicians of the same sex (sections 3.60.224(A) and (B)).

Techtow also argues that the requirement that massage parlors keep records of names and other information concerning the services rendered to patrons and make such records available for inspection (section 3.60.090) is unconstitutional. We agree that the record keeping requirement impermissibly invades the right of privacy and freedom of association. Myrick v. Board of Pierce County Comm'rs, *supra,* 677 P.2d at 144-45; Pentco, Inc. v. Moody, *supra,* 474 F.Supp at 1001 (record keeping requirement violated equal protection). The court in *Myrick* stated, in invalidating a similar requirement:

> Because of this requirement entirely innocent persons would be reticent to patronize establishments which uniformly supply records of visits for police inspection. . . . This deterrence was found to be contrary to NAACP v. Alabama, 357 U.S. 499 (1958). . . . It is one thing for persons to willingly supply names and addresses to businesses; it is quite another for a governing body to require disclosure. . . .
>
> Appellants' right of freedom of association is in no way diminished because the issue arises in an economic matter. The United States Supreme Court has "recognized the vital relationship between freedom to associate and privacy in one's associations." [Citations omitted.] Because of the importance of these tightly intertwined rights that Court has refused to draw a line excluding those "engaged in business

activities" from the reach of the First Amendment. Thomas v. Collins, 323 U.S. 516, 531. . . . We likewise refuse to do so and hold that compulsory disclosure of the names of persons frequenting these commercial establishments would constitute an impermissible abridgment of such rights.

*Id.* at 144-45. The record keeping requirement presents a strong prospect of deterring law abiding individuals from receiving massages. On balance, we conclude the regulation infringes too far on the rights of privacy and association.

Section five of the ordinance provides that if any provision of the ordinance is held invalid, the invalidity shall in no way affect remaining provisions of the ordinance. Consequently, we hold the two sections specified above invalid, without disturbing the remaining provisions of the ordinance.

Techtow's other contentions are without merit. Accordingly, the judgment of the district court is reversed only with respect to the two provisions specified and.discussed above. In all other respects, the judgment is affirmed.

YOUNG, C. J., and MOWBRAY, J., concur.

SPRINGER, J., dissenting:

I do not think that it is constitutionally permissible for a municipality to prohibit a male massagist from massaging a female client or to prohibit a female massagist from massaging a male client.

I can understand why the city wishes to prevent illicit sexual acts from being performed under the guise of "massage"; but this legitimate purpose does not justify a blanket prohibition of all inter-gender massage. Certainly male prostitution is not the concern here, and the apparent reason for the inclusion in the ordinance of a prohibition against males' massaging females is to give the ordinance the appearance of gender equality by including the acts of both sexes. There is nothing that I can see that would support an ordinance which prohibits men from massaging women, and it does not seem reasonable to me that a man choosing to engage in this occupation should be restricted to massaging clients of his own sex.

It is quite obvious from this record that the real underlying purpose of the ordinance is to control female prostitution under the guise of "massage." This is, of course, a legitimate legislative purpose. As stated, I object only to the means by which this ordinance attempts to carry out this purpose, by a total prohibition of inter-gender massage.

As in the case of the prohibition of men massaging women, I see no justification for a blanket prohibition that prevents a woman from giving a massage to a man. As commented in J.S.K.

Enterprises, Inc. v. City of Lacey, 492 P.2d 600 (Wash.App. 1971), "[m]assage is one of the oldest forms of therapy. When properly administered in an appropriate case, it can be one of the most useful forms of therapy. . . . Not only is this discrimination as to both sexes of massagists but it would deny people who need their services this opportunity to select the best qualified massagist available to them." 492 P.2d at 607.

> To deny all massagists the right to practice their profession upon both sexes because some individuals utilize a sauna massage parlor as a subterfuge to perform lewd acts for compensation would require stereotyping of the worst kind. It is saying, in effect, that because some women perform lewd acts in sauna parlors that all massagists can be judged to be lewd if given the opportunity and therefore they cannot massage members of the opposite sex.

*Id.* at 607.

It makes no sense to me to prohibit a person of one sex from giving a massage to a person of the opposite sex. The assumption that women who give massages are a danger to the public morals is, as stated in *City of Lacey,* "stereotyping of the worst kind" and could be taken as an insult by women who have chosen massage as their profession.

It seems to me that the City of North Las Vegas could achieve its desired purpose by enacting an ordinance that does not interfere with the livelihood of legitimate massagists. Without the blanket prohibition against inter-gender massage the public would still be protected by provisions in the present ordinance which require licensing and background checks of all massagists. Other kinds of permissible protections are afforded in this regulatory ordinance. Hours of operation and employee dress are regulated, and massage of sexual areas of the body is prohibited. Licenses can be revoked for violation of these provisions. Because total prohibition of inter-gender massage is unnecessary to the accomplishment of the purpose of the ordinance and because the ordinance places undue restrictions upon those who take up massage as their chosen means of livelihood, I would strike that portion of the ordinance which prohibits massage of one sex by the other.