ROBERT C. HOUSER AND THOMAS J. LAGESS, PETITIONERS, *v.* FOURTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF ELKO, RESPONDENT.

No. 4245

November 6, 1959        345 P.2d 766

*Charles B. Evans, Jr.,* of Elko, for Petitioner Houser.

*Wright & Eardley,* of Elko, for Petitioner LaGess.

*Joseph F. McDaniel,* District Attorney, Elko County; *Roger Foley,* Attorney General, of Carson City, for Respondent.

# OPINION

By the Court, PIKE, J.:

Petition for a writ of prohibition restraining the trial court from proceeding with the trial of petitioners herein on the charge of grand larceny. Petitioners contend that the trial court is without jurisdiction for the reason that the amended information does not charge a public offense under the laws of this state.

On November 5, 1958 petitioners were arrested in Elko County, Nevada, and on December 10, 1958 their preliminary hearing was had before the justice of the peace of Elko Township at Elko.

The amended complaint filed in the justice court

charged that on November 4, 1958 the defendants committed the felony of grand larceny in that the defendants did willfully kill a cow or steer which was running at large on the range, with the intent to defraud the owner thereof and to appropriate the carcass of said animal to their own use. Such crime was alleged to have been committed in the vicinity of Jarbidge in Elko County. Each of the defendants, petitioners herein, was held to answer and released on bail.

On December 18, 1958 the district attorney filed an information in the district court charging the defendants with having committed a felony, grand larceny, in that they killed a cow or steer, which reiterated the substance of the language of the amended complaint filed in the justice court. The petitioners were arraigned before the district court upon the charge contained in such information and, upon the entry of their pleas of not guilty, the trial was set for September 14, 1959. The defendants have been at liberty on bail ever since the trial setting. On September 11, 1959 the district attorney filed an amended information charging that the "* * * defendants * * * did * * * steal, take and carry away the carcass of a bovine animal (cow, bull or steer), the personal property of another, * * * with the intent to appropriate the same to their own use * * *." On September 14, 1959 counsel for defendants filed a motion to quash the amended information and to dismiss the action, and also a demurrer to the amended information. Among the grounds of demurrer urged was that the amended information does not state a public offense under any provisions of the laws of the State of Nevada of which the district court has jurisdiction. On September 14, 1959 the court disallowed defendants' demurrer and denied said motion. The trial court at that time required the defendants to plead to the amended information. Each defendant pleaded not guilty.

Counsel for respondent states that the amended information was drawn under NRS 205.225(1), the pertinent portions of which read as follows: "Every person who shall (1) Feloniously steal, take and carry, lead, drive or entice away any * * * cow, bull, steer, calf, * * * or

any one or more head of cattle * * * not his own property but belonging to some other person, * * * shall be deemed guilty of grand larceny, * * *."

Respondent's counsel contends that this section of the Nevada penal statutes applies to the theft of the carcass of a dead cow as well as to the stealing of the live animal, and relies upon the decision of this court in State v. Murray, 67 Nev. 131, 215 P.2d 265, 216 P.2d 606, in support of his position. However, this point was not raised or decided in State v. Murray, supra, and the decision in that case cannot be taken as authority for the proposition urged by respondent.

In opposition to respondent's contention, petitioners cite State v. Hedrick, 272 Mo. 502, 199 S.W. 192, L.R.A. 1918 C, 574, where the court construed a statute which provided that the theft of certain designated species of animals including cattle would constitute grand larceny. The court there held that the statute did not apply to the theft of such animals when dead, citing Bishop on Statutory Crimes (3d ed., p. 426, n. 13).

In People v. Smith, 112 Cal. 333, 339, 44 P. 663, 665, in construing a similar statute, making it grand larceny to steal a cow or steer, the court said, "To make the stealing of one of the animals named, however, grand larceny, the animal must be a live one, and not a dead carcass. It is true, if one should kill one of the animals for the purpose of stealing it, and then take and carry away the whole or a part of the body, it would be grand larceny. But if one should go into a field and find a dead animal lying there, and should take and carry away the body, or a part of it, it would not be grand larceny, unless the part carried away was of the value of $50 or more." See also People v. Ojeda, 132 Cal.App. 593, 23 P.2d 316.

In enacting NRS 205.225 the legislature designated certain unlawful acts pertaining to the cattle of another, including theft of such cattle, as grand larceny. The provisions of this comprehensive statute are supplemented

by the provisions of NRS 205.220[1] making it the offense of grand larceny to steal, take and carry away, the personal goods or property of another of the value of $100 or more. NRS 205.225 makes the theft of the animal, regardless of value, the crime of grand larceny when the other elements of the statute are violated.

By reason of the foregoing we hold that the theft of the carcass of a dead cow is not covered by the provisions of NRS 205.225, and that the amended information does not charge the defendants with grand larceny under the provisions of NRS 205.220, as the value of the carcass is not alleged to be of the value of $100 or more. Accordingly, we also hold that the amended information does not charge a public offense against defendants triable in the district court. As this prosecution is for a felony, and by information, we do not decide whether or not an offense of less grade than felony or gross misdemeanor is contained in the charge as stated in the amended information. A prosecution for the theft of property less than $100 in value would be conducted by proceedings had in the justice court.

In Re Waterman, 29 Nev. 288, 89 P. 291, 11 L.R.A., N.S., 424, this court held that there can be no conviction for or punishment of a crime without a formal and sufficient accusation and that in the absence thereof a court acquires no jurisdiction whatever and, if it assumes jurisdiction, the trial and conviction would be a nullity. As the amended information fails to charge the elements of the offense of grand larceny or any other felony or gross misdemeanor, the trial court is without jurisdiction to proceed with the trial of defendants upon such amended information.

---

[1] "205.220. Every person who shall feloniously steal, take and carry away, lead or drive away the personal goods or property of another, of the value of $100 or more, shall be deemed guilty of grand larceny, and upon conviction thereof shall be punished by imprisonment in the state prison for any term not less than 2 years nor more than 14 years."

It Is Ordered that the peremptory writ of prohibition issue, and that the trial court be restrained from proceeding with the trial of defendants upon said amended information, and the trial court is directed to exonerate the bail of defendants.

McNamee, C. J., and Badt, J., concur.