BILLIE J. GARNICK, PETITIONER, v. FIRST JUDI-CIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CHURCHILL and HONORABLE RICHARD L. WATERS, JR., JUDGE, FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CHURCHILL, RESPONDENTS.

No. 4992

November 3, 1965                    407 P.2d 163

*Harry E. Claiborne,* of Las Vegas, and *Fry and Fry,* of Reno, for Petitioner.

*Harvey Dickerson,* Attorney General, *C. B. Tapscott,* Deputy Attorney General, and *Grant Davis,* District Attorney of Churchill County, for Respondents.

## O P I N I O N

By the Court, BADT, J.:

Petitioner seeks a writ of prohibition to bar her trial before respondents on an amended information charging the issuance of a check against insufficient funds. NRS 205.130—set forth in pertinent part in the margin.[1]

Petitioner asserts that said amended information does not charge an offense against the laws of the State of Nevada. For convenience we here set forth the amended information in which we have noted by including in brackets the parts thereof that were added to the original information:

"That said defendant on the 4th day of September, A.D., 1963, or thereabout, and before the filing of this information, at and within the County of Churchill, State of Nevada, did then and there wilfully and unlawfully, with intent to defraud, for herself or as an officer of a corporation, make and pass a check for the payment of money, drawn upon a bank, when in fact she [and the corporation] had insufficient money or credit with the drawee of such instrument to meet and make payment of the same in full upon its presentation, in the manner following, to-wit: Making a check [on the account of Midwest Livestock Commission Co.] for the sum of Thirteen Thousand Twenty-six and 27/100 ($13,026.27) Dollars, drawn upon the Security National Bank of Nevada, Fallon Branch, Fallon, Nevada, when [in fact neither] she [nor the Midwest Livestock Commission

---

[1] "1. Every person who for himself, or as the agent or representative of another, or as an officer of a corporation, willfully, with intent to defraud, shall make, pass, utter or publish any * * * check * * * for the payment of money * * * when in fact such person shall have * * * insufficient money, property or credit with the drawee of such instrument to meet and make payment of the same in full upon its presentation, shall be guilty of a misdemeanor * * *."

Co.] had sufficient money or credit with said bank to make payment of the same."

To the original information she pleaded not guilty. In Garnick v. Miller, No. 4869, filed July 7, 1965, 81 Nev. 372, 403 P.2d 850, we recited the circumstances under which Mrs. Garnick changed her plea of not guilty to a plea of guilty, although she professed her innocence. We there said: "Her attorney learned of what had transpired and promptly moved to set aside her guilty plea and reinstate the plea of not guilty. This motion was heard by a different judge, and denied. It was his view that Mrs. Garnick had intelligently waived her right to be represented by counsel when she appeared in court to change her plea from not guilty to guilty. Sentence was imposed, execution thereof suspended, and the defendant Garnick was granted probation. This application for habeas relief followed."

Supporting our opinion by reference to Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, and numerous other citations, both of the federal courts and of this court, we granted the writ of habeas corpus and set aside the judgment of conviction upon the plea of guilty that had been entered.

Her petition for a writ of habeas corpus, granted as above stated, had also protested the sufficiency of the original information, but this court made no decision on that issue.

Petitioner here renews attack on the sufficiency of the original information and contends that the amended information must also be declared void because "[A]s a matter of law, an amended information based on a void information is a legal nullity"; and she asserts that neither the original information nor the amended information states any offense under the laws of this state.

1. The thrust of her attack upon the original information is that it was fatally ambiguous as to NRS 205.130 (set forth in the margin) in that the information failed to specify whether she drew the check for herself or as an officer of a corporation, nor does it specify whose account had insufficient funds—hers, or,

if she was drawing on a corporate account, the corporation's. Petitioner seems particularly disturbed that the original information did not name the corporation involved. We rule that under the facts of this case there is no merit in the attacks thus made.

In Ex parte Boley, 76 Nev. 138, 350 P.2d 638, this court said:

"Under statutes applicable to informations, the offense charged may be stated in plain, concise language and in such manner as to enable a person of common understanding to know what is intended (NRS 173.090, 173.210, and 173.310, subd. 6); and no information shall be deemed insufficient by reason of any defect in matters of form which shall not tend to the prejudice of the defendant (NRS 173.100, subd. 1). By statute it is also provided that the information need not strictly pursue the words used in a statute to define a public offense, but other words conveying the same meaning may be used. (NRS 173.300) Any defect or imperfection in the information as to form shall not affect the judgment thereon, unless it tends to prejudice a substantial right of the defendant. (NRS 173.320)

\* \* \* \* \*

"Here we do not find any showing of prejudice of a substantial right of either petitioner occasioned by reason of the form of the information, and under the authorities cited a further consideration of the asserted insufficiency of the information is not justified."

NRS 173.110 provides the law applicable to indictments applies to informations.[2] See State v. Switzer, 38 Nev. 108, 145 P. 925 (1914), as to the sufficiency of an indictment for the crime of robbery. In that case this court, working from statutes basically similar to the present, quoted State v. McKiernan, 17 Nev. 224, 30 P. 831 (1882):

"The technical exactness which existed under the rules of the common law has been superseded by statutory provisions, and it is now sufficient if the offense is

---

[2]However, the statute adds the qualifying words, "as near as may be."

'clearly and distinctly set forth in ordinary and concise language * * * in such a manner as to enable a person of common understanding to know what is intended.' "

Switzer and McKiernan were both quoted with approval by this court in Ex parte Esden, 55 Nev. 169, 28 P.2d 132 (1934). To like effect is Evershaw v. Moran, 57 Nev. 417, 65 P.2d 877, in which case this court said: "It is the evident purpose of this statute [NCL (1929) Section 10854, now NRS 173.280] to obviate mistrials where the defendant is in no way misled by such a mistake as appears in this case. That the defendant was not misled appears from his own testimony and from the fact that he makes no contention that he was. He is here relying upon a bare technicality, which the statute above quoted sought to and does overcome." Cf. Smith v. District Court, 75 Nev. 526, 347 P.2d 526; Houser v. District Court, 75 Nev. 465, 345 P.2d 766; In re Waterman, 29 Nev. 288, 89 P. 291, in which cases the allegations of the information were held insufficient to constitute an offense. We have no quarrel with any of those cases or the other cases cited by petitioner. We do not find them in point.

NRS 173.240 requires only that the particular facts of an offense charged be stated "so far as necessary to constitute a complete offense, but the evidence tending to prove the charge need not be stated." The elements of the crime of issuing a check against insufficient funds are (1) intent to defraud, (2) the making or passing of a check for the payment of money, and (3) without sufficient funds in the drawee institution to cover said check in full upon its presentation. The original information specifically charged each of these elements, and in addition specified the amount of said check, $13,026.27, the date and locale where it was drawn, and the name of the drawee bank. The cases cited supra indicated, a fortiori, that this was sufficient information to apprise defendant of what she was charged with and to enable her properly to prepare her defense and to equip her with a complete answer to any similar subsequent charge with a plea of former jeopardy.

Nor do we find any merit in petitioner's argument that the information as drawn did not advise petitioner whether she was charged with acting either in her individual capacity or as a corporate officer, and that if she was charged with acting as a corporate officer, the information fatally neglected to name the corporation. The crime does not turn on these details. Clearly, under the allegations of the information giving the date of the check, the unusual amount thereof, the intent to defraud, the insufficient funds in the payee bank whose name and location were clearly stated, any further information would have been superfluous.

As we have held the original information sufficient, the point that "an amended information based on a void information is a legal nullity" falls.

2. To the foregoing we must note the petitioner's failure to object to the information until after her conviction and sentencing. In State v. Hurley, 66 Nev. 350, 210 P.2d 922, this court said:

"We revert to the fact, as disclosed by the record, that the sufficiency of the indictment was not attacked until defendant moved in arrest of judgment after the jury had returned its verdict. * * * the inclination for a rigidly strict construction of the requirements for the contents of the indictment is not so great when thus first raised. [Citing State v. Raymond, 34 Nev. 198, 117 P. 17, and State v. Hughes, 31 Nev. 270, 102 P. 562.]"

See also State v. Lovelace, 29 Nev. 43, 83 P. 330. This is only common sense and in accordance with our statutes, as NRS 174.230 permits a demurrer to an information on any of five separate grounds. Where a defendant waits until judgment before attacking the sufficiency of the information, it is obvious that a different situation is presented.

3. Petitioner next asserts that although an entirely new information would have been in order, an amended information was not permissible without an order of court under the provisions of subdivision 2 of NRS 173.100, providing as follows: "2. An information may be amended by the district attorney, without leave of

court, at any time before the defendant pleads. Such amendment may be made at any time thereafter, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant." Such order of court was not obtained, but the court permitted the filing of the amended information. No where does it appear that the filing of the amended information in any way prejudices the substantial rights of the petitioner. Petitioner's reliance on cases discussing the need to resubmit indictments to a grand jury are not in point. Such requirement for resubmission procedure grew out of the common-law requirement that an indictment "being the finding of a grand jury upon oath and depending upon this fact, among others, for its validity [could] not be amended by the court or the prosecuting officer in any matter of substance without the concurrence of the grand jury which presented it. The use of an information as an accusation in a felony case did not exist at common law." Mitchell v. Superior Court, 76 Cal.App. 734, 245 P. 1109. See Ex parte Williams, 43 Nev. 342, 186 P. 673.

4. Petitioner urges that by the decision of this court in Garnick v. Miller, supra, setting aside the conviction under the guilty plea but not remanding the case for further action was a complete disposition of the case; that it could not be revived through the machinery of an amended information but only by a new proceeding under an entirely new information or by an indictment of the grand jury. We see no merit in this contention. The judgment having been set aside, the case still remained before the district court to as great a degree as if we had specifically stated that it was remanded for the further action of that court. This is clear from the fact that we held it error for the court to refuse to allow Mrs. Garnick to change her plea of guilty to not guilty. This of course would necessitate a trial on such plea.

The procedure is not new and has been applied in many cases. Perhaps the leading case is Townsend v. Burke, 361 Pa. 35, 63 A.2d 77 (1949). There, Townsend pleaded guilty to armed robbery and burglary and was

convicted without benefit of counsel. A writ of habeas corpus was granted on grounds "that the conduct of the trial judge * * * constituted error of such a fundamentally harmful nature (considering the uncounseled position of the defendant) as to stigmatize the proceeding as lacking constitutional due process throughout and render it vitiated ab initio.

* * * * *

"However, the indictments have not at any time been under attack and remain unaffected by the invalidity in the former proceeding. Consequently, upon the vacation of the sentence and the setting aside of the defendant's pleas of guilty to the indictments, due procedure upon those indictments may thereafter be moved by the district attorney and the defendant put to trial or permitted to plead, as he may then elect. No question of a *new trial* is in any way involved; nor are we to be taken as assuming to grant one. The matter is not here on appeal; the time for that has long since expired. It is here on habeas corpus because of the unconstitutional composition of the trial forum in the circumstances shown; and habeas corpus is not a substitute for an appeal. Commonwealth ex rel. Sullivan v. Ashe, 325 Pa. 305, 310, 188 A. 841, affirmed on certiorari, 302 U.S. 51, 58 S.Ct. 59, 82 L.Ed. 43. A writ of habeas corpus does not lie for the mere questioning of alleged errors during, or prior to, the trial. Commonwealth v. Curry, 285 Pa. 289, 292, 132 A. 370. Among the unusual circumstances giving grounds for the writ are an original lack or (as here) a coincident loss of the sentencing court's jurisdiction. See Halderman's Petition, 276 Pa. 1, 2, 119 A. 735. The situation, here consequently ensuing, results from the necessary vacation and setting aside of the former proceeding *as a nullity* and leaves the indictments open and unsatisfied. In legal contemplation there never was a trial."

Townsend then was retried under the original indictment. However, he protested the validity of that indictment, contending it had been destroyed by his discharge upon habeas corpus. The Pennsylvania court overruled

the objection and, upon his subsequent conviction Townsend appealed. The court said in Commonwealth v. Townsend, 167 Pa.Super. 71, 74 A.2d 746 (1950):

"* * * Appellant's plea of guilty, his conviction and sentence in violation of the Due Process Clause of the Fourteenth Amendment rendered that criminal proceeding void ab initio. But the indictment or indictments remained outstanding and unaffected by the habeas corpus proceeding. Appellant could be, and was, lawfully required to respond to the open and unsatisfied indictment * * *."

The same situation occurred in the Pennsylvania court in Commonwealth v. Gibbs, 167 Pa.Super. 79, 74 A.2d 750 (1950), in which the Townsend cases were quoted with approval. To like effect is In re Johnson, 42 Cal. Rptr. 228, 398 P.2d 420 (1965), and Bayless v. United States, 147 F.2d 169 (8 Cir. 1945), citing with approval In re Bonner, 151 U.S. 242, 261, 14 S.Ct. 323, 38 L.Ed. 149. The upshot of these cases is that on granting the writ of habeas corpus to Mrs. Garnick this court simply vacated the plea of guilty and the sentence thereunder, but the original information to which she pleaded not guilty, being valid, remained. Her not guilty plea to the original information stands. As the record does not reflect that the prosecutor obtained leave of court to file an amended information, NRS 173.100, such amended information is ineffectual and we regard it as surplusage. The trial shall proceed on the defendant's not guilty plea to the original information.

5. Petitioner claims that when the district attorney filed an amended information, this amounted to a confession of error, to wit, that the original information did not state a public offense. We do not see the filing of the amended information in that light.

The petition is denied and the proceedings dismissed.

THOMPSON, J., and ZENOFF, D. J., concur.

M⁣cNAMEE, C. J., being incapacitated, the Governor assigned Honorable David Zenoff of the Eighth Judicial District Court to sit in his place.