HARRY J. LIVINGSTON, JR., APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5376

June 11, 1968                                    441 P.2d 681

*Harry E. Claiborne,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, *George E. Franklin, Jr.,* District Attorney, and *Alan R. Johns,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

The appellant was found guilty by a jury of embezzling a check in the amount of $3,728.68 and sentenced to not less than two nor more than fourteen years in prison. Appeal is taken from this conviction.

On January 10, 1964, appellant was an office supervisor for Cashman Equipment Company of Las Vegas, Nevada. He was in charge of the office and took care of accounts payable. He frequently handled company checks of the type here involved. Either he or other employees brought groups of checks to Robert Hartman who was authorized to sign them. The particular account upon which the check here in question was drawn was for the payment of obligations other than payroll. Any payments to individual employees on this account would be in small amounts for minor incidentals only.

When presented for signature, the checks had carbon copies attached. The check in question was signed by Mr. Hartman. The carbon copy of the check reveals that it was made out to "Bank Nevada." This payment is consistent with the proper use of the account. Hartman testified that the check could not have had appellant's name on it as payee or have been in blank when he signed it. A check of this size, $3,728.68, out of this account to an employee would have been immediately noticed. Hartman testified that he never signed blank checks.

A photocopy of the original check reveals that it bore appellant's name as payee. It was cashed by appellant and deposited in his personal account.

An official of the Bank of Nevada testified that the Bank of Nevada did not receive payment or benefit from the check.

As a result of these events, Cashman Equipment Company lost the $3,728.68 represented by the check.

The original of the check has not been found. Appellant was in charge of bookkeeping and reconciling the bank accounts. When confronted with the fact of a money shortage

by his superiors, appellant admitted the taking, "I am sorry that I took the money because you have treated me too good, Mr. Cashman, in the past."

Appellant contends: (1) that the information fails to state the elements of the public offense of embezzlement; and (2) that the verdict is contrary to the evidence.

NRS 205.300 defines the crime of embezzlement as follows: "Any bailee of any money, goods or property, who shall convert the same to his own use, with intent to steal the same or to defraud the owner or owners thereof and *any agent,* manager or clerk *of any* person, *corporation,* association or partnership;* or any person *with whom any money, property or effects shall have been* deposited or *entrusted, who shall use or appropriate such money, property or effects* or any part thereof *in any manner or for any other purpose than that for which the same was* deposited or *entrusted, shall be guilty of embezzlement.* * * *" (Emphasis added.)

Count I of the information filed in the case at bar reads:

"That Harry J. Livingston, the Defendant above named, on or about the 10th day of January, 1964, at and within the County of Clark, State of Nevada, * * * being then and there the employee and agent for CASHMAN EQUIPMENT CO., a corporation, and having been entrusted with Check No. 12347 (Numerical No. 15284), dated December 27, 1963, in the amount of $3,728.68 lawful money of the United States, did wilfully, unlawfully and feloniously appropriate and convert the same to his own use."

Appellant contends that the information fails to state the elements of embezzlement because it does not specify the specific purpose of the entrustment. The statute itself does not specifically require the purpose of the entrustment to be set forth. Appellant argues that it is logically compelled because embezzlement does require an appropriation "for any other purpose than that for which the same was * * * entrusted." The present information simply says that while the appellant was an employee he was entrusted with a certain check and unlawfully appropriated and converted it to his own use.

If an entrustee uses or appropriates for himself "in any manner" the money held in trust for another he has committed embezzlement. Embezzlement has been defined by this court as " 'Larceny by clerk, or servant, or agent; the act of appropriating to himself that which he receives in trust for another'." State v. Trolson, 21 Nev. 419, 423 (1893). The statute before this court in Trolson was essentially the same as the one

before the court today. In the case of Wood v. State, 76 Nev. 312, 353 P.2d 270 (1960), the court held sufficient an information which did not specify the purpose for which the entrustment was made. It simply alleged that the check was later appropriated for purposes other than those intended.

The present information does not use the words of the statute with regard to the purpose for which the money was entrusted to the appellant. However, the only logical reading of the information is that the check was entrusted to the appellant as an employee and agent of Cashman Equipment Company, i.e., for company purposes. Once he had the check he appropriated the funds for a different purpose, i.e., for himself. Obviously he had not "been entrusted" with the money in his individual capacity for himself. If he had, the state's allegation that he *unlawfully* appropriated it to *his own use* would have been meaningless.

It would be difficult to find that the defendant was misled in any way by the information. The information does sufficiently describe and state the elements of the public offense of embezzlement. A wrongful appropriation of entrusted funds was adequately alleged. Appellant's first contention is without merit.

Appellant's second contention that the verdict was contrary to the evidence is equally without merit. It was not unreasonable for the jury to have concluded from the above evidence that appellant breached his position of trust and confidence with the corporation by converting the check to a purpose which was shown necessarily to have been different from that intended.

Affirmed.