EDWARD FRANCIS WILLS, JR., APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 9023

July 28, 1977                                     566 P.2d 1138

*Michael C. Farris,* Incline Village, for Appellant.

*Robert List,* Attorney General, Carson City; *David Small,* District Attorney, and *Louis R. Doescher,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

This is an appeal from a jury verdict finding appellant, Edward Francis Wills, Jr., guilty of two counts of first-degree murder. The only issues presented are whether sufficient evidence was presented to the grand jury to support the indictment and whether sufficient evidence was adduced at trial to sustain the conviction.

1. *The Facts.*

The bodies of two girls were found on the morning of August 15, 1974, on Duck Hill near the intersection of Manzanita and Garnet Way in Carson City. It was established that death had occurred a week to ten days before, in each case, as the result of gunshot wounds to the head. A sleeping bag, later discovered to have bullet holes, blood stains, and powder marks, was also found at the crime scene.

On October 3, 1975, the grand jury of Carson City issued indictments charging Julius Neuschafer, Jr., and Appellant Edward Francis Wills, Jr., with the murder of the two girls. The indictment followed a hearing at which evidence was presented of the above facts. In addition, the grand jury was presented the following evidence tending to implicate the two parties charged: Wills' car, a 1963 blue Ford Falcon had been observed in Carson City on August 6, 1974, the last night on which the girls had been seen alive. Witnesses testified that the two girls had been seen at 11 o'clock that evening in the back seat of Wills' car in the company of two men. The man not driving was identified from mug shots as Neuschafer. Neuschafer's mother testified that the sleeping bag found at the crime scene resembled one removed from her front porch shortly before the murders. In addition, witnesses testified as to admissions of guilt made by both defendants.

The case was tried before a jury, and Wills was sentenced to two consecutive terms of life without possibility of parole. On appeal, Wills challenges the sufficiency of the evidence to support the grand jury indictment and further challenges its sufficiency to support the two convictions for first-degree murder.

2.  *The Indictment.*

Appellant challenged, before entering his plea below, the sufficiency of the evidence to sustain the indictment. He did so by filing a motion to quash the indictment, which the court denied. NRS 172.155(2) states unequivocally, in part: "The defendant may object to the sufficiency of the evidence to sustain the indictment only by application for a writ of habeas corpus."[1] In Wehrheim v. State, 84 Nev. 477, 443 P.2d 607 (1968), we held that habeas must be pursued and resolved prior to trial. Thus, appellant cannot at this juncture challenge the sufficiency of the evidence presented to the grand jury.

3.  *The Jury Verdict.*

The facts establish that Wills did not perform the physical act of killing either of the victims. Nevertheless, he may be charged with commission of the crime if he aided or abetted its commission in any way. State v. Cushing, 61 Nev. 132, 120 P.2d 208 (1941); State v. Watts, 53 Nev. 200, 296 P. 26 (1931). Wills claims that the evidence is insufficient to establish that he did so, but the record does not support this claim. Although there is conflicting evidence as to the extent of Wills' participation or cooperation in the murders, the jury verdict is adequately supported by the facts presented.

Neuschafer, the person physically responsible for the deaths, testified that he had proposed to Wills their seeking out the victims, whom they had met earlier, and raping them. While Neuschafer was not sure Wills had expressed approval of the plan, he was sure Wills made no objection. Wills' subsequent cooperation, as driver of the car, certainly indicated approval. Neuschafer testified that later, on Duck Hill, when taking the first victim away to be shot, he had handed Wills a knife and told him to get rid of the other one. While Wills had not done so by the time Neuschafer returned, neither had he made any attempt to stop Neuschafer or to escape with the other girl. When Neuschafer took the second victim out to be shot, Wills

---

[1] NRS 172.155(2):

"2.  The defendant may object to the sufficiency of the evidence to sustain the indictment only by application for a writ of habeas corpus. If no such application is made before the plea is entered, unless the court permits it to be made within a reasonable time thereafter, the objection is waived."

accompanied them. Thereafter, he remained in Neuschafer's company for several days, cooperating fully in destroying evidence of the crime. Later he told friends, "We killed some people."

The preceding evidence, apparently believed by the jury, gives a clear picture of Wills as a participant in the crimes committed.

It is the province of the jury to weigh the evidence and determine the credibility of the witnesses. This court will not overturn a jury verdict supported by substantial evidence, as in the instant case. Sanders v. State, 90 Nev. 433, 529 P.2d 206 (1974). Affirmed.

BATJER, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.