JOSEPH EUGENE SIRIANI, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 10184

November 16, 1977                          571 P.2d 111

*Oscar B. Goodman,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Frank J. Cremen,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was employed as a dice table "boxman" at the Four Queens Hotel. After he was observed through the "eye in the sky" removing $25 gaming tokens from the table, casino officials relieved him of his duties and took him to an office where he was seen discarding tokens from his clothing into a trash can. Eight $25 tokens and one 50c piece were retrieved from the trash can.

Siriani was charged with embezzlement (NRS 205.300); and, at the conclusion of a preliminary examination, he was ordered to stand trial for that offense. He then filed a pretrial petition for habeas corpus contending: (1) the amended information insufficiently charged the offense; (2) the evidence adduced at the preliminary examination did not support the charge of embezzlement; and, (3) gaming tokens cannot be the subject of embezzlement. The district court denied habeas and in this appeal he again asserts the same contentions, all of which we reject.

1. The amended information charged the crime using the wording of NRS 205.300 and set forth, in ordinary and concise language, a statement of the acts constituting the offense in such a manner as to inform Siriani of what was intended. Our

cases have long held such charge to be sufficient. State v. Mills, 52 Nev. 10, 279 P. 759 (1929); State v. McFarlin, 41 Nev. 486, 172 P. 371 (1918); State v. Trolson, 21 Nev. 419, 32 P. 930 (1893).

2. In support of his second contention, it is argued that the crime was not completed because Siriani was immediately apprehended and thus had no opportunity to convert the tokens to his own use. However, "the crime of embezzlement is complete whenever an appropriation is made. . . ." Rose v. State, 86 Nev. 555, 557, 471 P.2d 262, 264 (1970). *See also* Livingston v. State, 84 Nev. 403, 441 P.2d 681 (1968). Here, there is sufficient evidence of appropriation to establish probable cause to believe appellant committed the charged offense.

3. We also reject the assertion that gaming tokens are not "money, goods or property" which can be the subject of embezzlement and that such tokens cannot be valued at their face amount. *Cf.* Luckett v. Warden, 91 Nev. 541, 539 P.2d 1219 (1975).

Affirmed.