## HARVEY LYNN OLSON, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 9680

January 10, 1979          588 P.2d 1018

*Horace R. Goff,* Public Defender, and *J. Thomas Susich,* Chief Deputy Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Robert C. Manley,* District Attorney, Elko County, for Respondent.

## OPINION

*Per Curiam:*

Convicted, by jury verdict, of statutory rape (NRS 200.365), appellant's only arguable contention in this appeal is that NRS 200.365 is unconstitutional.[1]

---

[1]At all times relevant to these proceedings, NRS 200.365 provided:

"Statutory rape is the carnal knowledge of a female under the age of 16 years, with her consent, by a male person of the age of 18 years or over. A person convicted of statutory rape shall be punished:

"1. Where the male is under the age of 21 years, for a gross misdemeanor.

"2. Where the male is of the age of 21 years or older, by imprisonment in the state prison for not less than 1 year nor more than 10 years."

This statute was subsequently repealed. *See* 1977 Nev. Stats. ch. 598.

Appellant advances two theories in support of his contention that NRS 200.365 violates the equal protection clause of the United States Constitution.

The thrust of appellant's first theory is that the statute invidiously discriminates against males by proscribing consensual rape of a female by a male while failing to proscribe consensual rape of a male by a female.

We have previously held that gender-based classifications are subject to close scrutiny under the equal protection clause. Oueilhe v. Lovell, 93 Nev. 111, 560 P.2d 1348 (1977). Accordingly, to withstand constitutional challenge, such classifications "must serve important governmental objectives and must be substantially related to achievement of those objectives." Craig v. Boren, 429 U.S. 190, 197 (1976). Measured against this standard, we perceive no constitutionally impermissible discrimination in the present statute.

The ostensible objective of the subject statute is to further the state's interest in preventing the pregnancy of young females. Indeed, the female can become pregnant while the male cannot. Pregnancy carries with it attendant medical, psychological, sociological, and moral problems which a young female may not be able to maturely consider or even fully fathom or appreciate. Manifestly, the adverse effect upon the female can be disastrous. In our view, the gender-based classification here involved is substantially related to the achievement of this objective and, accordingly, withstands constitutional scrutiny. As expressed by Judge Lowe in Brooks v. State, 330 A.2d 670, 673 (Md.App. 1975): "The equality of the sexes expresses a societal goal, not a physical metamorphosis. It would be anomalous indeed if our aspirations toward the ideal of equality under the law caused us to overlook our disparate human vulnerabilities."

Appellant's second theory is predicated upon the difference in punishments prescribed for statutory rape by males under the age of 21 as opposed to those age 21 or older. He argues this age-based classification is neither natural nor reasonable and, thus, violates the equal protection clause.

A statutory discrimination based on age is presumed to be valid, Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307 (1976), and will not be set aside if any state of facts reasonably may be conceived to justify it. *See* Smith v. State, 444

4

S.W.2d 941(Tex.Civ.App. 1969). *Cf.* McGowan v. Maryland, 366 U.S. 420 (1961). Where, as here, consensual rape is being punished, we believe "the legislature could reasonably decide that men beyond a certain age should have sufficient maturity and judgment to be held responsible for conduct which might be excusable in a younger person." State v. Drake, 219 N.W.2d 492, 496 (Iowa 1974). Whether the age selected by the legislature should be 18 or 21 is a matter which lies peculiarly within the sphere of legislative discretion, and we decline to substitute our judgment for that of the legislature in this case. *Id.*

The district court judgment is affirmed.[2]

---

[2]The Governor, pursuant to Nev. Const. art. 6, § 4, designated the Honorable Merlyn H. Hoyt, Judge of the Seventh Judicial District, to sit in place of the HONORABLE GORDON THOMPSON, Justice, who was disabled.