CHARLES DONALD LUCAS, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 10963

January 17, 1979                    589 P.2d 176

*Wiener, Goldwater & Waldman,* and *Laurence A. Speiser,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Gordon C. Richards,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, Mowbray, C. J.:

The Clark County Grand Jury returned an indictment charging the appellant-defendant, Charles Donald Lucas, with thirteen felonies as follows: COUNT III—Infamous Crime Against Nature; COUNT IV—Infamous Crime Against Nature; COUNT VI—Infamous Crime Against Nature; COUNT VII—Give Away Controlled Substance; COUNT VIII—Give Away Controlled Substance; COUNT IX—Give Away Controlled Substance; COUNT XI—Infamous Crime

Against Nature; COUNT XII—Infamous Crime Against Nature; COUNT XIII—Infamous Crime Against Nature.

Lucas challenged the sufficiency of the charges in the court below by filing this habeas proceeding. The district judge denied his petition *in toto* and this appeal resulted.

We have reviewed the record before the Grand Jury. There is sufficient evidence therein to require Lucas to answer the charges set forth in Counts III, IV, VII, VIII, IX, and XI. Accordingly, he shall stand trial in the district court on those charges. NRS 172.155(1).

Counts VI, XII and XIII are focused on the sexual behavior of two minors, encouraged by Lucas, which constitutes the basis for the infamous crime charge in each count.[1]

At the time the offenses took place between the minors in Counts VI, XII and XIII, NRS 201.190 provided, in pertinent part: "[E]very person *of full age* who commits the infamous crime against nature shall be punished: . . . ." (Emphasis added.) *See* 1977 Nev. Stats. ch. 430, § 84. The current statutory definition of the crime, effective July 1, 1977, goes even further: "The 'infamous crime against nature' means anal intercourse, cunnilingus or fellatio *between consenting adults* of the same sex." NRS 201.190(2) (Emphasis added.) Minors are not punishable under the infamous crime statute. Lucas' infamous crime charges on the three counts are predicated on NRS 195.020. Under that statute an accused who has aided and abetted another person in the commission of a crime is subject to being charged with having committed that crime. Wills v. State, 93 Nev. 443, 566 P.2d 1138 (1977).

Although one may be charged with a crime if he aided and abetted its commission, that person may not be charged under NRS 195.020, the aiding and abetting statute, when the act or conduct is not proscribed by the statute constituting the offense charged.

As this court held in Ex Parte Smith, 33 Nev. 466, 487, 111 P. 930, 937 (1910) (emphasis added):

"[I]f the indictment does not allege any facts which would constitute an offense by *a principal,* it does not state sufficient facts as against an accessory before the fact so that he could be tried as a principal." *See also,* State of Nevada v. Jones, 7 Nev. 408, 417 (1872); State v. Cushing, 61 Nev. 132, 145–46, 120 P.2d 208, 214 (1941); Hanley v. State, 85 Nev. 154, 160–61, 451 P.2d 852, 856 (1969).

This is not an instance in which minors are simply deemed not to have the requisite criminal intent, though their conduct

---

[1] The other infamous crime counts allege that Lucas personally committed the act.

is criminal. By its statutory scheme, the legislature has determined that their conduct does not constitute a crime under NRS 201.190, the infamous crime against nature. Indeed, the Legislature by the amendment, in 1967, of NRS 193.050, has provided that "No conduct constitutes a crime unless prohibited by some statute of this state or by some ordinance or like enactment of a political subdivision of this state." 1967 Nev. Stats. ch. 211, § 1, at 458.

Accordingly, Counts VI, XII and XIII of the indictment may not stand and the writ as to them must be granted; however, without prejudice to the State to refile new charges against the appellant predicated upon an appropriate statute.[2]

THOMPSON and MANOUKIAN, JJ., concur.

GUNDERSON, J., with whom BATJER, J., agrees, dissenting:

We respectfully dissent.

With exceptions not pertinent here, NRS 201.190 declared that, "every person of full age who commits the infamous crime against nature shall be punished by imprisonment in the state prison . . ." Thus, although the statute only imposed punishment on persons of "full age," it quite clearly recognized that persons under full age may perform "the infamous crime against nature." The statute simply excepted minors from punishment—implicitly recognizing that the law should not deem criminal intent possible, in the case of children and adolescents experimenting with each other.

However, Nevada's "aiding and abetting" statute, NRS 195.020, expressly declares: *"The fact that the person aided,* abetted, counseled, encouraged, hired, commanded, induced *or procured, could not* or did not *entertain a criminal intent shall not be a defense to any person aiding,* abetting, counseling, encouraging, hiring, commanding, inducing *or procuring him."* (Emphasis added.) It is therefore clear that in this case, legal incapacity to form criminal intent is a defense personal to the minors, and not available to appellant, an adult who allegedly instigated their conduct. *Cf.* Thomas v. Sheriff, 89 Nev. 17, 504 P.2d 1313 (1973).

Of course, the record indicates appellant personally participated in other acts, on which other charges are grounded; however, this does not diminish the legal significance of the issue before us, to-wit: whether encouraging children to act as alleged constitutes the crimes charged in Counts VI, XII and

---

[2]Of course, we certainly do not hold, contrary to the statement in the dissenting opinion "that it is no crime to cause children to perform cunnilingus, fellatio, or anal intercourse upon each other, . . ."—only that such offenders must be charged under the statutes made and provided therefor.

XIII. In future cases, other crimes may not always be provable. Hence, the essence of this court's determination today, that it is no crime to cause children to perform cunnilingus, fellatio or anal intercourse upon each other, is a precedent of some significance. Furthermore, to us, this significance is not diminished by stating that the State may "refile new charges against the appellant predicated upon an appropriate statute." Respectfully, we note that it appears to us the State has here availed itself of the statute most clearly appropriate when adults cause children *to sodomize each other.* We are unaware of any alternative statutes, to which the State now may reasonably take recourse. Therefore, absent any showing either by appellant or by our brethren that other statutes more explicitly cover such cases, we believe prosecution should proceed as instituted.