# 358

THE STATE OF NEVADA, Appellant, v.
BENNETT BENIGAS, Respondent.

No. 10958

THE STATE OF NEVADA, Appellant, v.
ROBERT ALLEN PAQUIN, Respondent.

No. 10959

THE STATE OF NEVADA, Appellant, v.
NORMAN G. SOLOMON, Respondent.

No. 11003

THE STATE OF NEVADA, Appellant, v.
CHARLES D. CASTLE, Respondent.

No. 11004

May 10, 1979                                          594 P.2d 724

*Richard Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Raymond Jeffers,* Chief Deputy District Attorney, Clark County, for Appellant.

*Heaton & Wright,* Las Vegas, *Skupa, Mainor & Sullivan,* Las Vegas, *William B. Terry,* Las Vegas, and *George D. Frame, Ltd.,* Las Vegas, for Respondents.

## OPINION

By the Court, MANOUKIAN, J.:

In these appeals, we are asked to determine whether the district court erred in dismissing indictments which alleged elements of two types of embezzlement in a single count. We think it did and reverse the judgment. Respondents were charged by indictments with embezzlement (NRS 205.300[1]) and conspiracy to commit embezzlement (NRS 199.480). Count one of the challenged indictments charged embezzlement as follows:

> [Defendants] did then and there wilfully, unlawfully and feloniously embezzle $100.00, or more, lawful money of the United States, or the equivalent thereof, to-wit: gaming chips, the property of . . . Hotel . . . in the following manner . . . Defendants, as agents and employees of . . . Hotel, being entrusted with gaming chips for the purpose of conducting gaming activities, to-wit: baccarat, did appropriate and use said chips for purposes other than that for which the same was entrusted *with intent to steal the same and defraud the owner thereof.* (Emphasis added.)

Below, respondents successfully moved to dismiss the indictments on the ground that the pleadings failed to adequately inform them of the nature and cause of the accusations against them in violation of the Sixth Amendment to the United States Constitution. See generally NRS 173.075;[2] Simpson v. District Court, 88 Nev. 654, 503 P.2d 1225 (1972).

---

[1]NRS 205.300 provides in part:

1. Any bailee of any money, goods or property, who shall convert the same to his own use, with the intent to steal the same or to defraud the owner or owners thereof and any agent, manager or clerk of any person, corporation, association or partnership; or any person with whom any money, property or effects shall have been deposited or entrusted, who shall use or appropriate such money, property or effects or any part thereof in any manner or for any other purpose than that for which the same was deposited or entrusted, shall be guilty of embezzlement. . . .

[2]NRS 173.075 provides:

1. The indictment or the information shall be *a plain, concise and definite written statement of the essential facts constituting the offense*

Appellant contends the allegation that respondents acted "with the intent to steal and defraud the owner" of his property is neither misleading, nor prejudicial, and may be stricken as surplusage. NRS 173.085.[3] Cf. Luckett v. Warden, 91 Nev. 541, 539 P.2d 1219 (1975), "negotiable" describing gaming chips; Hulett v. Sheriff, 91 Nev. 139, 532 P.2d 607 (1975), "extorting information" in counts charging murder and kidnapping; Carson v. Sheriff, 87 Nev. 357, 487 P.2d 334 (1971), "failure to report" automobile accident to sheriff; Graves v. Young, 82 Nev. 433, 420 P.2d 618 (1966), indictment for murder in "first degree." We agree; the indictments are not constitutionally infirm. See United States v. Agone, 302 F.Supp. 1258 (S.D.N.Y. 1969), cited in Simpson v. District Court, *supra,* fn. 2 at 657, 503 P.2d 1227. On remand, respondents may seek relief under NRS 173.085.

But for the additional allegation, appellant properly charged the respondents with all essential elements of one of the forms of embezzlement as set forth in the statute. NRS 205.300. In Rose v. State, 86 Nev. 555, 471 P.2d 262 (1970), we stated that NRS 205.300 sets forth two particular kinds of embezzlement. The second kind, with which respondents herein are charged, does not require an intent to steal. That type of embezzlement is complete whenever an appropriation is made by one entrusted with property. Indictments, as these before us, which set out statements of the acts constituting the offenses in such a manner as to inform the accused with reasonable certainty of the specific offense with which he is charged are sufficient.

*charged.* It shall be signed by the district attorney or by the attorney general acting pursuant to NRS 228.170. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement.

2. Allegations made in one count may be incorporated by reference in another count. *It may be alleged in a single count that* the means by which the defendant committed the offense are unknown or that *he committed it by one or more specified means.*

3. The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. *Error in the citation or its omission shall not be ground for dismissal* of the indictment or information or for reversal of a conviction *if the error or omission did not mislead the defendant to his prejudice.* (Emphasis added.)

[3]NRS 173.085 provides:

The court on motion of the defendant may strike surplusage from the indictment or information.

Siriani v. Sheriff, 93 Nev. 559, 571 P.2d 111 (1977). See Russell v. United States, 369 U.S. 749 (1962).

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and BATJER, JJ., concur.