SEYMOUR HUSNEY, PETITIONER, *v.* HONORABLE THOMAS J. O'DONNELL, DISTRICT JUDGE, RESPONDENT.

No. 10785

SEYMOUR HUSNEY, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

Nos. 10940, 11105

June 14, 1979                    596 P.2d 230

[Rehearing denied July 13, 1979]

*Alan B. Andrews,* of Las Vegas, and *David E. Sher,* of Arlington, Virginia, for Petitioner-Appellant.

*Robert J. Miller,* District Attorney, and *H. Douglas Clark,* Deputy District Attorney, Clark County, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

Three separate cases regarding sex offenses allegedly committed by Seymour Husney were consolidated for hearing

before this court. By petition for writ of prohibition he challenges the jurisdiction of the district court to proceed upon one of the indictments, and by appeal from orders denying habeas relief, he asserts additional claims of error with regard to the other two indictments. We turn to consider each in order.

*Case No. 10785.*

The grand jury directed the district attorney to prepare an indictment charging Husney with statutory sexual seduction.[1] The indictment so prepared alleged five separate occasions when Husney, a man over the age of 21 years, unlawfully caused a female under the age of 16 years to engage in fellatio and submit to cunnilingus. Each of the five counts also alleged that Husney did "sexually assault" the victim. The crime of sexual assault is different than the crime of statutory sexual seduction and carries a different penalty.[2]

The remedy of prohibition is available to resolve a contention that an indictment does not charge a public offense. Sardis v. District Court, 85 Nev. 585, 460 P.2d 163 (1969); Garnick v. District Court, 81 Nev. 531, 407 P.2d 163 (1965); Houser v. Dist. Ct., 75 Nev. 465, 345 P.2d 766 (1959). It apparently is the contention of Husney that since the indictment may be read to charge either sexual seduction or sexual assault, in legal effect it charges neither.

Statute commands that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." NRS 173.075. It must be definite enough to prevent the prosecutor from changing the theory of the case, and it must inform the accused of the charge he is required to meet. Adler v. Sheriff, 92 Nev. 436, 552 P.2d 334 (1976); Simpson v. District Court, 88 Nev. 654, 503 P.2d 1225 (1972).

The indictment here in issue listed the relevant statutes regarding sexual seduction, NRS 200.364, NRS 200.368, stated

---

[1]NRS 200.364(3): "Statutory sexual seduction" means ordinary sexual intercourse, and intercourse, cunnilingus or fellatio committed by a person 18 years of age or older with a consenting person under the age of 16 years.

[2]NRS 200.366(1): A person who subjects another person to sexual penetration, or who forces another person to make a sexual penetration on himself or another, or on a beast, against the victim's will or under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of resisting or understanding the nature of his conduct, is guilty of sexual assault.

that it was an indictment for statutory sexual seduction, and alleged the specific instances of fellatio and cunnilingus. The indictment did not contain an allegation that the acts were against the victim's will, an essential allegation for a charge of sexual assault. In these circumstances the standards expressed by statute and case law above mentioned are satisfied. The words "sexually assault" may be deemed surplusage and disregarded. State v. Benigas, 95 Nev. 358, 594 P.2d 724 (1979).[3]

*Case No. 10940.*

The record submitted with this appeal from an order denying Husney's pretrial petition for a writ of habeas corpus reveals that the petition fails to contain the mandatory statement required by NRS 34.375(1)(b)(3). Accordingly, the petition was not cognizable below, nor susceptible to our review. We remand with direction to dismiss the petition for habeas relief. Sheriff v. Toston, 93 Nev. 394, 566 P.2d 411 (1971).

*Case No. 11105.*

The indictment in this case alleged that Husney committed the infamous crime against nature on three occasions (Count I, II, and X), and aided and abetted two minor females to commit that crime (Count V).

His pretrial petition for habeas corpus, inter alia, challenged Count V on the ground that since minors are not within the infamous crime against nature statute, NRS 201.190, Husney could not legally be charged with aiding and abetting the commission of that crime. This contention is correct. Lucas v. Sheriff, 95 Nev. 61, 589 P.2d 176 (1979). The district court should have granted relief as to Count V. In all other respects, the order denying habeas corpus is affirmed.

MOWBRAY, C. J., and MANOUKIAN, J., concur.

GUNDERSON, J., with whom BATJER, J., agrees, concurring and dissenting:

We agree with the above opinion, except as it adheres to this court's ruling in Lucas v. Sheriff, 95 Nev. 61, 589 P.2d 176 (1979). We continue to believe that it is, and always has been, a

---

[3]Husney asserts that NRS 200.364 violates the equal protection clause of the United States Constitution since the penalty specified in NRS 200.368 differs according to the age of the offender. The same argument was proffered with regard to the now repealed statutory rape statute, and by this court rejected. Olson v. State, 95 Nev. 1, 588 P.2d 1018 (1979). The rationale of Olson is dispositive of this assertion.

crime to cause children to perform cunnilingus, fellatio or anal intercourse upon each other. Accordingly, we adhere to the views expressed in the dissent we filed in the *Lucas* matter.