## THELMA GARY, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 12068

January 22, 1980                           605 P.2d 212

*Douglas J. Shoemaker,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, *Robert J. Miller,* District Attorney, and *Gregory C. Diamond,* Deputy District Attorney, Clark County, for Respondent.

*Jeffrey D. Sobel* and *Annette Quintana,* Las Vegas, amici curiae, filed a brief on behalf of the Clark County Criminal Defense Attorneys Association urging reversal.

## OPINION

By the Court, THOMPSON, J.:

The respondent has moved to dismiss the appeal of Thelma Gary from an order of the district court denying her pretrial petition for a writ of habeas corpus in which she challenged probable cause to hold her to answer. The predicate for the motion to dismiss is Stats. Nev. 1979, ch. 216, NRS 34.380 which removes the jurisdiction of this court to entertain an appeal from an order denying a pretrial petition for a writ of habeas corpus based on an alleged want of probable cause. At issue is the constitutionality of that enactment precluding review by this court. For reasons hereafter expressed, we perceive no constitutional infirmity, and dismiss this appeal for want of jurisdiction to hear it.

1. The federal constitution does not require a state to provide appellate review. Griffin v. Illinois, 351 U.S. 12 (1956); McKane v. Durston, 153 U.S. 684 (1894). Appellate review in Nevada exists by reason of legislative grant and, more particularly, we heretofore have ruled that appellate review of habeas corpus proceedings is not required in the absence of a statute providing for it. Ex parte Sullivan, 65 Nev. 128, 189 P.2d 338 (1948). Consequently, the contention that NRS 34.380 as amended in 1979 is an unconstitutional encroachment upon the powers of the judiciary is without substance. Cf. Galloway v. Truesdell, 83 Nev. 13, 422 P.2d 237 (1967).

2. Although it is asserted that the preclusion of appellate review somehow amounts to a suspension of the writ of habeas corpus in violation of U.S. Const. art. I, § 9, and Nev. Const.

art. I, § 5, we do not agree. The antisuspension clause is not violated if the traditional efficacy of the writ is not impaired. Grego v. Sheriff, 94 Nev. 48, 574 P.2d 275 (1978). The scope of the writ is not altered by the challenged statute. Here, as in Grego, the legislative reform was designed to deal with practical administrative problems. Legislative history discloses a purpose to eliminate frivolous pretrial habeas appeals, and to prevent the concomitant delay in bringing those cases on for trial. The preclusion of appellate review of the denial of a habeas petition challenging probable cause is a reasonable legislative regulation of the writ, and does not infringe upon the antisuspension clause.

3. The amendment to NRS 34.380 does not preclude appellate review of an order granting habeas relief. Consequently, it is contended that the legislative treatment accorded a defendant on the one hand, and the state on the other is unequal and necessarily a denial of equal protection. This contention is not sound. We already have noted that it was within the legislative province to determine that a rational relationship exists between the preclusion of appellate review of the denial of pretrial habeas petitions challenging probable cause, and the object sought to be accomplished, namely to eliminate the delay in bringing those cases on for trial. Thus, this concern of the equal protection clause is satisfied. Oueilhe v. Lovell, 93 Nev. 111, 560 P.2d 1348 (1977); Gaessler v. Sheriff, 95 Nev. 267, 592 P.2d 955 (1979).

A defendant charged with having committed a public offense may challenge probable cause to hold him to answer through a petition for a writ of habeas corpus. If unsuccessful, he thereafter may challenge the state's case at trial, and on appeal from conviction if conviction occurs. An order denying pretrial habeas relief is not a final adjudication of his guilt. On the other hand, an order granting such a petition for relief before trial possesses the quality of a final judgment. Once a judicial officer has determined that probable cause does not exist, it would be the most naked deprivation of due process, Gerstein v. Pugh, 420 U.S. 103 (1975), and an intolerable interference with the privilege of the writ, People v. Jennings, 158 N.E. 613 (N.Y. 1927), to retain him in custody pending appeal by the state. NRS 171.206.

The difference in finality between the denial and granting of habeas relief supplies a reasonable basis precluding review in the one instance and allowing it in the other. We perceive no equal protection problem.

4. NRAP 22 appears to be in conflict with NRS 34.380 since it contemplates the remedy of appeal to the Supreme Court from an order of the district court denying the writ. The rule was adopted at a time when statute authorized an appeal from an order denying pretrial habeas relief. Statute no longer authorizes such an appeal. Since the right to appeal is a matter of legislative grant, *Ex parte Sullivan,* that part of the rule became inoperative when the statute giving the right to appeal was nullified.

We, therefore, conclude that the statute is valid as applied to pretrial writs of habeas corpus to test probable cause. We express no opinion as to its validity in other contexts.

Appeal dismissed.

MOWBRAY, C. J., and MANOUKIAN and BATJER, JJ., concur.

GUNDERSON, J.; concurring:

I will not pause to question the majority opinion, although I believe a contrary result might be supported.

I must say, however, that unless this court repudiates its constitutional obligation to entertain original habeas petitions, it seems to me the Legislature will have accomplished nothing by repealing our right to hear pretrial habeas appeals.[1] In fact, it seems to me the Legislature will simply have increased the complexity, and therefore the cost, of pretrial habeas proceedings. It is true that, when an original habeas petition is filed in this court, we may refer the petition to a district judge for a hearing in the first instance. I question, however, that our Constitution contemplates this court routinely delegating to the district courts our duty to make final determinations on habeas petitions filed with us, with no provision for review on our part.

---

[1]*See* Nev. Const. art. 6, § 4:

". . . The [supreme] court shall also have power to issue writs of *mandamus, certiorari,* prohibition, *quo warranto,* and *habeas corpus* and also all writs necessary or proper to the complete exercise of its appellate jurisdiction. Each of the justices shall have power to issue writs of *habeas corpus* to any part of the state, upon petition by, or on behalf of, any person held in actual custody, and may make such writs returnable, before himself or the supreme court, or before any district court in the state or before any judge of said courts."

". . . ." (Emphasis in original.)