TEMISTOKLIS KONSTANTINIDIS, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 12100

March 13, 1980                              607 P.2d 584

*James L. Buchanan, II,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General; *Robert J. Miller,* District Attorney, *Nikolas L. Mastrangelo,* and *Joel M. Cooper,* Deputy District Attorneys, Clark County, for Respondent.

---

## OPINION

By the Court, THOMPSON, J.:

The respondent has moved to dismiss the appeal of Konstantinidis from an order of the district court denying his pretrial petition for a writ of habeas corpus. The ground of the motion to dismiss is that NRS 34.380 as amended by Nev. Stat. ch. 216, § 1 at 312–3 (1979), removed the jurisdiction of this court to entertain the appeal.

The grand jury had charged Konstantinidis with having committed open and gross lewdness, a felony, NRS 201.210, and also second degree kidnapping, NRS 200.310. The indictment for felony gross lewdness was challenged for the reason that it did not allege a prior offense.[1] That challenge presented an issue of law as to whether the public offense of felony gross lewdness had properly been charged. The indictment for second degree kidnapping was attacked on the ground that the movement of the victim was incidental to the open and gross lewdness charge and therefore, precluded. Jefferson v. State, 95 Nev. 577, 599 P.2d 1043 (1979). That contention presented an issue of fact which the district court resolved against Konstantinidis.

In Gary v. Sheriff, 96 Nev. 78, 605 P.2d 212 (1980), we ruled that the 1979 amendment to NRS 34.380 was constitutional as applied to pretrial writs of habeas corpus to test probable cause. We expressed no opinion as to its validity in other contexts. The *Gary* opinion precludes this appeal with regard to the second degree kidnapping charge since probable cause to hold Konstantinidis for trial was, on a factual basis, resolved in favor of the State, and no appeal is possible. *Gary,* however,

---

[1]NRS 201.210 provides that open and gross lewdness is a felony only if the accused has committed a prior open and gross lewdness offense. Otherwise, it is a gross misdemeanor.

did not address the constitutionality of the 1979 amendment to NRS 34.380 precluding appellate review of an order denying a pretrial petition for a writ of habeas corpus where the issue is whether the indictment charges a public offense. That question is presented in this case with regard to the indictment of Konstantinidis for felony gross lewdness. We now hold that the statutory preclusion of appellate review of an order denying a pretrial petition for a writ of habeas corpus grounded upon the claim that the indictment does not charge a public offense is constitutionally permissible. Prohibition is the appropriate remedy to resolve that issue. Husney v. O'Donnell, 95 Nev. 467, 596 P.2d 230 (1979); Sardis v. District Court, 85 Nev. 585, 460 P.2d 163 (1969); Garnick v. District Court, 81 Nev. 531, 407 P.2d 163 (1965); Houser v. Dist. Ct., 75 Nev. 465, 345 P.2d 766 (1959).

Appeal dismissed.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.