## TORRENCE M. CLOW, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 12634

July 28, 1980                    614 P.2d 535

*Peter L. Flangas,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Gregory C. Diamond,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant sought a writ of habeas corpus in the district court on the ground of delay in bringing the prosecution. The district court denied relief and the instant appeal was taken. Respondent moves that we dismiss the appeal because we lack jurisdiction to entertain it.

At its last session our legislature amended NRS 34.380 so as to preclude appeals in most habeas matters, 1979 Nev. Stats. ch. 216, § 1, at 312. In Gary v. Sheriff, 96 Nev. 78, 605 P.2d 212 (1980) and Konstantinidis v. Sheriff, 96 Nev. 285, 607 P.2d 584 (1980), we dismissed appeals on the authority of the amendment where the issues raised were probable cause and sufficiency of the indictment, respectively. While those decisions are not controlling here, as they were limited to their

facts, we perceive no reason why the reasoning of those opinions is not equally applicable to the case at hand.

Appellant argues, however, that we must entertain the instant appeal because, under prior holdings of this court, *see, e.g.,* Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966), failure to appeal the issue at this time will constitute a waiver and preclude post-conviction review. We disagree. *Oberle* was decided when pretrial appeal from a denial of a habeas petition was an available remedy, and failure to pursue such a remedy was held to constitute a waiver. However, with the passage of the amendment to NRS 34.380, the logical underpinnings of *Oberle* were removed; clearly, a waiver cannot be inferred from the failure to appeal a non-appealable order. Thus, appellant's contention is lacking in merit.

Accordingly, we order this appeal dismissed.