KAMALA HARDIN, Petitioner, v. THE SECOND JUDI-
CIAL DISTRICT COURT OF THE STATE OF
NEVADA, IN AND FOR THE COUNTY OF WASHOE,
and THE HONORABLE GRANT BOWEN, District
Judge, Respondents.

No. 14030

May 12, 1982                                    644 P.2d 1025

*Paul D. Elcano, Jr.,* Reno, for Petitioner.

*Calvin R. X. Dunlap,* District Attorney, and *Edwin Basl,*
Deputy District Attorney, Washoe County, for Respondents.

## OPINION

*Per Curiam:*

Petitioner Kamala Hardin was charged by information with
grand larceny, possession of stolen property, and forgery.
Thereafter, Hardin filed a pretrial petition for a writ of habeas
corpus. The district court granted Hardin habeas relief as to
the grand larceny count, but denied such relief as to the posses-
sion of stolen property and forgery counts. In this original peti-
tion for a writ of mandamus or, in the alternative, a writ of
prohibition, Hardin contends that the forgery count does not
state a public offense against her. Specifically, Hardin argues

that she cannot be convicted of forgery because she signed her true name to the document in question.[1]

Prohibition is the appropriate means of challenging the denial of a habeas petition grounded upon the claim that the indictment or information does not state a public offense. Lane v. Torvinen, 97 Nev. 121, 624 P.2d 1385 (1981); Husney v. O'Donnell, 95 Nev. 467, 596 P.2d 230 (1979); Sardis v. District Court, 85 Nev. 585, 460 P.2d 163 (1969); Garnick v. District Court, 81 Nev. 531, 407 P.2d 163 (1965); Houser v. District Court, 75 Nev. 465, 345 P.2d 766 (1959). In the cited cases, however, the petitioner challenged the indictment or information in its entirety. That is not the situation here. Hardin challenges the information only as it relates to the forgery count. The trial on the possession of stolen property count will not be affected by any action we take in this proceeding.

In Moore v. District Court, 96 Nev. 415, 610 P.2d 188 (1980), we held that a writ of mandamus would not issue to compel entry of partial summary judgment, since such relief would not dispose of the entire controversy. Although *Moore* arose in the civil setting, we believe its rationale is equally applicable in this case. Hardin's trial would not be terminated even if we were to issue the requested writ. Accordingly, in the exercise of our discretion, we decline to rule at this time on Hardin's challenge to the forgery count.

Petition denied.

---

[1]Hardin does not challenge that portion of the information charging her with possession of stolen property.